**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Beth Ann OXFORD and Leonard P.
Wolf, Defendants-Appellants.**

Nos. 83–1728, 83–1802.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 10, 1984.

Decided May 31, 1984.

Margaret Woulfe, Chicago, Ill., Jeffrey B. Levens, Sturm & Levens, Springfield, Ill., for defendants-appellants.

Ralph M. Friederich, Asst. U.S. Atty., Frederick J. Hess, U.S. Atty., East St. Louis, Ill., Michael C. Carr, Asst. U.S. Atty., Benton, Ill., for plaintiff-appellee.

Before CUMMINGS, Chief Judge, BAUER, Circuit Judge, and REYNOLDS, Chief District Judge*.

BAUER, Circuit Judge.

Defendant Leonard P. Wolf was convicted on nine counts of various drug-related offenses, for which he was sentenced to a total of fifteen years imprisonment and five years probation. Defendant Beth Ann Oxford was convicted on one count of aid-

---

* Honorable John W. Reynolds, Chief Judge of the United States District Court for the Eastern District of Wisconsin is sitting by designation.

ing and abetting Wolf in the distribution of drugs. Wolf appeals his sentence as improperly imposed. Oxford appeals her conviction. We affirm Wolf's sentence and Oxford's conviction.

## I

On April 23, 1983, a jury convicted Wolf on nine counts involving violations of the Controlled Substance Act, 21 U.S.C. §§ 841(a)(1) and 844 (1976). Wolf was sentenced on counts one, three, nine, and ten, all involving cocaine, to concurrent fifteen year terms of imprisonment, with a special parole term of at least three years. On counts four, five, and eight, the court sentenced Wolf to three consecutive five-year terms of imprisonment, to run concurrently with the previous fifteen-year terms. The sentences on counts four, five, and eight had a two-year special parole term. The court sentenced Wolf on counts six and seven to five years probation, consecutive to all the other sentences.

Wolf appeals the trial court's imposition of these sentences as an abuse of discretion and as based upon unreliable witness testimony. Wolf does not contest the underlying convictions.

■ Wolf first contends that the court consciously and erroneously ignored his potential for rehabilitation when it sentenced him. We begin our analysis with the familiar proposition that "a sentence imposed by a federal district judge, if within statutory limits, is generally not subject to review," *United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972), and will be overturned on appeal only on a plain showing of gross abuse of the sentencing judge's discretion. *United States v. Ledesma*, 632 F.2d 670, 679 (7th Cir. 1980). Although the sentence imposed was well within the potential eighty-one years that the court could have imposed, Wolf nonetheless claims that the process by which the court determined the punishment was faulty.

Wolf bases his contention on statements which Judge Foreman made at the sentencing hearing. Wolf argues that the judge

violated his constitutional right to have his rehabilitative potential factored into his sentence. This right, he contends, is derived from the due process clause of the fifth amendment and was approved by the United States Supreme Court in *Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). We disagree.

■ In *Williams*, the Supreme Court considered the validity of a death sentence that was based on testimony of *ex parte* witnesses supplied by a trial court's probation department. In holding that the use of such information by the sentencing court did not invalidate the sentence, the Court discussed the "prevalent modern philosophy of penology that the punishment should fit the offender and not merely the crime." 337 U.S. at 247, 69 S.Ct. at 1083. This philosophy, the Court added, recognizes that "[r]etribution is no longer the dominant objective of the criminal law. Reformation and rehabilitation of offenders have become important goals of criminal jurisprudence." *Id.* at 248, 69 S.Ct. at 1084. This circuit has approved the sentencing court's consideration of these goals even though such goals have been largely illusory. Moreover, the Constitution does not mandate that every sentencing court consider each of these factors when imposing sentence. In fact, there is no constitutional requirement that a sentencing court individualize the sentence of each defendant. *Accord Lockett v. Ohio*, 438 U.S. 586, 604-05, 98 S.Ct. 2954, 2964, 2965, 57 L.Ed.2d 973 (1978) (Opinion of Burger, C.J.) ("We recognize that, in noncapital cases, the established practice of individualized sentences rests not on constitutional commands, but on public policy enacted into statutes.").

■ As a matter of public policy, this circuit has expressed its disapproval of rigid sentencing procedures wherein the judge considers only the crime for which the defendant was convicted. *United States v. Brubaker*, 663 F.2d 764, 769 (7th Cir.1981). That Judge Foreman in this case expressed his disbelief in the rehabili-

tative function of sentencing does not mean that he did not individualize the sentence. A careful reading of the transcript of the sentencing proceedings belies any argument that Judge Foreman's sentencing procedure was rigid and mechanistic. He examined carefully the sentencing report submitted by the government, heard a government witness testify as to Wolf's alleged drug transactions while Wolf was out on bond in this case, allowed Wolf's counsel to cross-examine the government's witness, heard testimony from Wolf, and heard testimony from one other witness on Wolf's behalf. Judge Foreman stated that because of Wolf's alleged drug dealings while out on bond, Wolf already had his "second chance as far as this Court is concerned." Sentencing tr. at 82. After Wolf's attorney's pleas that Wolf "be released, hopefully completely rehabilitated in a short period of time," Judge Foreman stated that Wolf "may incidentally to going to the penitentiary be rehabilitated but that would not be the reason that this Court would send him there." *Id.* at 84. This court is convinced that Judge Foreman did not abuse his discretion.

Wolf's second contention is that the sentencing court abused its discretion because it based Wolf's sentence on testimony that was "improbable" and from a witness "totally devoid of credibility." This argument is without merit. One government witness, Dennis Kirchner, testified at the sentencing hearing that Wolf had attempted to sell marihuana and methamphetamine to him during the time that Wolf was out on bond. Wolf testified that he did not attempt such a sale.

■ Judge Foreman properly could consider Kirchner's testimony when deciding upon the appropriate sentence for Wolf. It is often essential that a sentencing judge consider such testimony in order to possess "the fullest testimony possible concerning the defendant's life and characteristics." *Williams v. New York*, 337 U.S. at 247, 69 S.Ct. at 1083. The only real question before us is whether we find Kirchner's testimony either improbable or incredible. Kir-

chner testified under oath at the hearing. The questions of the credibility of witnesses and the weight of their testimony are left to the sound discretion of the trial court. Nothing in the record convinces us that Judge Foreman abused his discretion when he determined that Kirchner's testimony regarding Wolf's behavior while on bond was more credible than Wolf's denials of that behavior.

## II

Beth Ann Oxford was convicted of aiding and abetting Wolf in the distribution of approximately seven grams of methamphetamine. Oxford was indicted in count five of the same indictment in which Wolf was charged with nine counts of distributing various controlled substances. Oxford and Wolf were tried together. In February 1983, Oxford filed a motion for severance, which the trial court subsequently denied. Oxford appeals the denial of her motion on the ground that the joint trial substantially prejudiced her.

### A

■ Motions for severance are committed to the sound discretion of the trial court, and will be overturned on appeal only upon a showing of abuse of discretion. *Opper v. United States*, 348 U.S. 84, 95, 75 S.Ct. 158, 165, 99 L.Ed. 101 (1954); *United States v. Papia*, 560 F.2d 827, 836 (7th Cir.1977). We will grant relief only if the defendant makes a clear showing that she was unable to obtain a fair trial without severance. A mere showing that a separate trial would have offered her a better chance of acquittal does not show an abuse of discretion. *Papia*, 560 F.2d at 836; *United States v. Abraham*, 541 F.2d 1234, 1240 (7th Cir.1976). We will limit our review of the trial court's decision to the record at the time that the motion is made. *United States v. Pacente*, 503 F.2d 543, 546 (7th Cir.1974); *United States v. Rogers*, 475 F.2d 821, 828 (7th Cir.1973).

■ The record at the time of the pretrial motion for severance shows no substantial prejudice to Oxford. That Oxford

was charged with only one count of a ten count indictment, standing alone, is insufficient to show prejudice. *United States v. Grabiec*, 563 F.2d 313, 318 (7th Cir.1977). Oxford's assertion that a joint trial would result in an implication of guilt by association also is unpersuasive. We rejected similar arguments in *Papia*, 560 F.2d at 837. Oxford cites no cases in her brief which have found guilt by association a sufficient basis for severance.

The danger of prejudice by evidence pertinent only to codefendants is not grounds for severance. *Grabiec*, 563 F.2d at 318–19. Moreover, there is little evidence in the record to support a claim that the jury would confuse the evidence against Wolf with that against Oxford. The trial lasted less than three days and the government witnesses stated against which defendant the evidence was introduced. Further, in considering a motion for severance, the trial judge should give due deference to the strong public interest in having persons jointly indicted tried together, especially where the evidence against the defendants arose out of the same acts or series of acts. *Papia*, 560 F.2d at 836–37.

Oxford contends that the jury instructions at the end of the case were insufficient to guard against prejudice, and that *United States v. Kendall*, 665 F.2d 126 (7th Cir.1981), requires a court to give interim limiting instructions to guard against prejudice. Judge Foreman properly instructed the jury at the end of the case about its obligation to consider, as to each defendant, only "the evidence and the law applicable to him or her [and to] leav[e] out of consideration any evidence admitted solely against the other defendant." R. 66; Appellant's app. at 19–20. Although we sanctioned the interim instructions given in *Kendall* as an appropriate method to guard against prejudice, such interim instructions are not required. *Accord United States v. Slade*, 627 F.2d 293, 309–10 (D.C.Cir.1980) (conspiracy instructions given at the end of the case were sufficient to guard against prejudice). Rather, the trial judge must determine on the facts of each case whether interim instructions are necessary to ensure that the jury not confuse the facts or issues of a case in such a way that substantial prejudice results. *Kendall*, 665 F.2d at 138. Once the judge makes a determination regarding instructions, we will reverse that decision only on a showing of an abuse of discretion. No such abuse occurred here.

Moreover, Oxford requested no interim limiting instructions; plain error is necessary, therefore, to reverse the trial court's failure to give such an instruction *sua sponte*. *United States v. Garcia*, 530 F.2d 650, 655–56 (5th Cir.1976). Plain error appears only when the evidence is extremely damaging, the need for the instruction is obvious, and the failure to give it is so prejudicial as to affect the substantial rights of the accused. *Garcia*, 530 F.2d at 656; *Upham v. United States*, 328 F.2d 661 (5th Cir.1964) (*per curiam*). On the record before us, there was no plain error when the judge did not sever *sua sponte* during Oxford's trial.

### B

Oxford next argues that severance should have been granted so that she could call Wolf as a witness to testify on her behalf. She claims that *United States v. Echeles*, 352 F.2d 892 (7th Cir.1965), requires severance in this case. Oxford misapplies *Echeles*.

A reversal of the denial of severance, on the basis of *Echeles*, has been granted for only the most compelling factual situations. *United States v. Harris*, 542 F.2d 1283, 1312 (7th Cir.1976). In *Harris*, this court approved a three part inquiry, the principal question being whether the defendant has shown that the codefendant's exculpatory testimony would have been available but for the denial of severance. In *Echeles* the codefendant had three times in open court exculpated the defendant, which testimony, this court held, required a severance. 352 F.2d at 898. No comparable showing has been

281

made in this case. Oxford relies on speculation as to Wolf's potential testimony. No affidavit from Wolf was submitted with the motion for severance nor were any other statements made available to the trial court from Wolf regarding his willingness to give exculpatory testimony for Oxford if the two of them had been tried separately. The mere possibility of a codefendant's testimony has been found an insufficient grounds for severance in other cases. *See, e.g., Harris,* 542 F.2d 1312–13 *Byrd v. Wainwright,* 428 F.2d 1017, 1022 (5th Cir. 1970); *United States v. Kahn,* 381 F.2d 824, 841 (7th Cir.1967).

Accordingly, Wolf's sentence and Oxford's conviction are affirmed.

AFFIRMED.