**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Helen Marie McCOY,
Defendant-Appellant.**

No. 84–2483.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 13, 1985.

Decided Aug. 9, 1985.

Linda Vanden Heuvel, Milwaukee, Wis., for defendant-appellant.

Eric J. Klumb, Asst. U.S. Atty., and Joseph P. Stadtmueller, U.S. Atty., Milwaukee, Wis., for plaintiff-appellee.

Before ESCHBACH and COFFEY, Circuit Judges, and SWYGERT, Senior Circuit Judge.

COFFEY, Circuit Judge.

The defendant, Helen Marie McCoy, appeals her six month sentence of imprisonment for violating 18 U.S.C. § 1014, falsifying a loan application. We affirm.

## I.

The government's offer of proof at the time of McCoy's guilty plea established the following account of her offense. On September 12, 1983, McCoy completed and signed a loan application with First Savings of Milwaukee, Wisconsin, a federally insured savings and loan, under the name of Helen Wallace, her cousin. Based on this false application, McCoy received a $2,500 loan from First Savings. After she received the payment book for the loan McCoy requested that the name on the book be changed to her name. The Bank discovered her true identity when it investigated the requested change.

Following her indictment for knowingly making a false statement of a material fact to a federal savings and loan association in violation of 18 U.S.C. § 1014, McCoy entered into a guilty plea agreement with the United States Attorney. According to the plea agreement signed by the parties, the United States Attorney agreed to recommend that the defendant be placed on probation and McCoy acknowledged that she was aware of the fact that the court was not obligated to follow the sentencing recommendation. During the guilty plea hearing on July 27, 1984, Judge Reynolds questioned McCoy about her background and discussed the details of the crime with her. The judge also recited into the record that he had received a letter from the Probation Department indicating that McCoy had refused to cooperate in preparing a presentence report. The court advised McCoy of the importance of her cooperation with the Probation Department and scheduled sentencing for a later date to allow the Probation Department to complete the presentence report.

At the sentencing hearing on August 16, 1984, Judge Reynolds observed that McCoy once again had failed to cooperate with the Probation Department. The presentence investigation report indicated that McCoy claimed that she did not know the age or employment status of any of her siblings. McCoy informed the court that she was uncooperative because she was scared and embarrassed and "just didn't want everyone around her to know what she had done." The court commented:

"I think it indicates to me that she doesn't want to cooperate. And there is no point in putting people on probation if they won't go along with the system. If they don't want to go along with the system, that's for them to decide. I think that's the choice the Court has to make. Is she a good candidate for probation. She has to do what they tell her to do. If she doesn't want to do it, fine. But they are in no position to deal with a person who is—wants to fight them all the time."

Judge Reynolds rejected the government's recommendation of probation, holding that McCoy's failure to cooperate with the Probation Department indicated to him that she was not a suitable candidate for probation. McCoy appeals her six-month sentence of imprisonment arguing: (1) that appellate courts should review federal sentences "to assure that a defendant's constitutional rights are not violated and there has been no abuse of judicial discretion;" and (2) that the district court violated her rights to equal protection, due process, and to be free from cruel and unusual punishment by allegedly failing to individualize her sentence.

## II.

It is well established that a district court has wide discretion in determining what sentence to impose. *United*

*States v. Tucker*, 404 U.S. 443, 446, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972). Federal courts of appeal have jurisdiction to review federal sentences pronounced before November 1, 1986 [1] only if the sentencing judge "relied on improper or unreliable information in exercising his discretion or fails to exercise any discretion at all." *United States v. Main*, 598 F.2d 1086, 1094 (7th Cir.), *cert. denied*, 444 U.S. 943, 100 S.Ct. 301, 62 L.Ed.2d 311 (1979). Appellate courts have also reviewed sentences which allegedly violate the defendant's constitutional rights. *See, e.g., Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) (cruel and unusual punishment). McCoy seems to be asking us to expand appellate review of federal sentences, but fails to present legal precedent or logical reason in support of her position. Accordingly, we decline to depart from the well-established rules of appellate review of federal sentences. Thus, we examine McCoy's sentence to determine whether the district court abused its discretion or violated her constitutional rights.

 McCoy, without citation of authority, argues that a defendant's rights to equal protection, due process, and to be free from cruel and unusual punishment are violated if the sentencing judge fails to consider:

"(1) the offense, (2) the offender, (3) family background and relationships, (4) social adjustment, (5) previous record, (6) attitude toward probation, (7) personality traits, (8) physical, emotional and mental condition, and (9) the community."

Fed.R.Crim.P. 32(c) provides in pertinent part:

"(2) Report. The presentence report shall contain—

(A) any prior criminal record of the defendant;

(B) a statement of the circumstances of the commission of the offense and circumstances affecting the defendant's behavior;

(C) information concerning any harm, including financial, social, psychological, and physical harm, done to or loss suffered by any victim of the offense; and

(D) any other information that may aid the court in sentencing, including the restitution needs of any victim of the offense."

*Id.* at (c)(1). The function of the presentence report is to present to the court information helpful in imposing sentence:

"The sentencing stage of the trial is one of the most important parts of the criminal process. In order for a judge to be well advised of all of the facts surrounding the defendant's background, and particularly in view of the judge's obligation to the general public, as well as to the defendant, to be fair, reasonable and just, it is imperative that he be allowed to draw upon a wealth of information concerning the defendant's background, from his date of birth up to and including the moment of sentencing."

*United States v. Madison*, 689 F.2d 1300, 1314 (7th Cir.1982), *cert. denied*, 459 U.S. 1117, 103 S.Ct. 754, 74 L.Ed.2d 971 (1983). However, the sentencing judge may dispense with the preparation of a presentence report if "the court finds that there is in the record information sufficient to enable the meaningful exercise of sentencing discretion, and the court explains this finding on the record." "[T]he requirements of due process during a sentencing hearing are met if the defendant is given adequate notice of the proceeding and an opportunity to contest the facts relied upon to support the imposed criminal penalty." *United States v. Gomer*, 764 F.2d 1221, 1227 (7th Cir.1985) (Coffey, J., *dissenting*); *see also Townsend v. Burke*, 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948). "[T]here is no constitutional requirement that a sentencing court individualize the sentence of each defendant." *United States v. Oxford*, 735 F.2d 276, 278 (7th

---

1. The Crime Control Act of 1984, 18 U.S.C. § 3742(d), (e) provide for limited appellate re- view after that date.

Cir.1984); *accord, Lockett v. Ohio,* 438 U.S. 586, 604–05, 98 S.Ct. 2954, 2964–65, 57 L.Ed.2d 973 (1978) (Opinion of Burger, C.J.) ('We recognize that, in noncapital cases, the established practice of individualized sentences rests not on constitutional commands, but on public policy enacted into statutes'). McCoy not only fails to acknowledge our decision in *Oxford,* but also fails to present legal argument supporting her assertion that the Constitution requires sentencing courts to individualize sentences.[2] Therefore, we decline to accept McCoy's bare assertion of a constitutional imperative and reaffirm our holding in *Oxford* that there is no constitutional requirement that a sentencing court individualize the sentence of each defendant.

■ Moreover, an examination of the record reveals that McCoy's appeal not only lacks a legal basis but also is not supported by the facts. At the guilty plea and sentencing hearings, Judge Reynolds discussed with McCoy her level of education and her career goals; whether she used drugs; her marital status and her children; and the fact that this crime was her first offense. The judge also questioned McCoy about the details of her crime, her reason for committing the crime, her cooperation with bank officials after the crime was discovered, and the disposition of the proceeds. Finally, the judge stayed the sentence until January 2, 1985 to allow McCoy to give birth before entering prison. On the basis of this record, we hold that McCoy's assertion that the judge failed to individualize her sentence is without merit. Furthermore, because Judge

Reynolds considered McCoy's background and the details of her crime, the record demonstrates that he exercised his discretion in determining McCoy's sentence. Thus, McCoy has failed to establish that the district court abused its discretion by "rel[ying] on improper or unreliable information in exercising his discretion or fail[ing] to exercise any discretion at all." *Main,* 598 F.2d at 1094. Accordingly, we hold that the judge did not abuse his discretion by sentencing McCoy to six months imprisonment.

The sentence of the district court is AFFIRMED.[3]

---

**2.** The Eighth Amendment guarantee against cruel and unusual punishment is not an individualization requirement. The Eighth Amendment simply requires that a sentence be proportionate to the crime committed. *Solem,* 103 S.Ct. at 3006. Individualization on the other hand, is a philosophy of penology holding that "the punishment should fit the offender and not merely the crime." *Williams v. New York,* 337 U.S. 241, 247, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337 (1949).

**3.** Our disposition of this appeal does not impede the defendant's right under Fed.R.Crim.P. 35 to seek a reduction of her sentence. *See also Gaertner v. United States,* 763 F.2d 787 (7th Cir. 1984) (en banc). The defendant McCoy filed a

Rule 35 motion for reduction of sentence on November 23, 1984, after the filing of her appeal. Judge Reynolds denied her motion on December 11, 1984. A district court is without jurisdiction to entertain a motion to correct or reduce a sentence after a notice of appeal has been filed. *United States v. Johns,* 638 F.2d 222, 224 (10th Cir.1981). Thus, the district court's denial of McCoy's motion to reduce her sentence is null and void as the district court was without jurisdiction to entertain the motion as the case was at that time on appeal. Therefore, McCoy may file a Fed.R.Crim.P. 35 motion to reduce her sentence.