UNITED STATES of America, Plaintiff,

v.

Thomas JIMENEZ, Defendant.

No. TH 88–14–CR.

United States District Court,
S.D. Indiana,
Terre Haute Division.

March 8, 1989.

Jessie A. Cook, Trueblood Harmon Carter & Cook, Terre Haute, Ind., for plaintiff.

Timothy M. Morrison, First Asst. U.S. Atty., Indianapolis, Ind., for defendant.

## ENTRY

TINDER, District Judge.

This matter comes before the court on defendant's Motion to Determine Constitutionality of Federal Sentencing Guidelines. Defendant Thomas Jimenez, who is charged with the offense of escape from a penal institution pursuant to 18 U.S.C. § 751(a) (1982), moves this court to determine the constitutionality of the sentencing guidelines promulgated by the United States Sentencing Commission pursuant to the Sentencing Reform Act of 1984 (codified as amended at 18 U.S.C. §§ 3551–3742 (Supp. IV 1986) and 28 U.S.C. §§ 991–998 (Supp. IV 1986). This court has jurisdiction of this cause pursuant to 18 U.S.C. § 3231 (1982).[1]

---

1. The defendant's plea to this point is not guilty, but neither party has questioned the ripeness of this issue. Correspondence from defendant's counsel to the clerk indicates that guilty plea negotiations are underway. Regardless of the outcome of this case, this challenge could reoccur in similar cases.

## I. BACKGROUND

Defendant Jimenez was serving a sentence of five years in custody with a three year special parole term due to his conviction for possession with intent to distribute cocaine when he escaped from the Federal Prison Camp in Terre Haute, Indiana, on June 5, 1988. He was subsequently arrested and charged, by indictment, with escape pursuant to 18 U.S.C. § 751(a) (1982), which provides in pertinent part:

Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or commissioner, or from the custody of any officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both....

The defendant, who, if convicted, is to be sentenced under the federal sentencing guidelines, challenges the guidelines on several constitutional grounds.

## II. DISCUSSION

The Sentencing Reform Act of 1984 and the United States Sentencing Commission's binding guidelines for use in sentencing federal defendants have been discussed extensively in many cases.[2] Thus, this court will dispense with a detailed explanation of the Act and the guidelines that were promulgated by the Commission.

It should be noted that ruling on the constitutionality of a congressional act is "the gravest and most delicate duty" that a court is called upon to perform. *Blodgett v. Holden,* 275 U.S. 142, 148, 48 S.Ct. 105, 107, 72 L.Ed. 206 (1927). There is a strong presumption of constitutionality toward a law that has been produced by congressional enactment and presidential approval. *Rostker v. Goldberg,* 453 U.S. 57, 64, 101 S.Ct. 2646, 2651, 69 L.Ed.2d 478 (1981); *Fullilove v. Klutznick,* 448 U.S. 448, 472–73, 100 S.Ct. 2758, 2771–72, 65 L.Ed.2d 902 (1980). While this court has a duty to declare unconstitutional any statute or portion of a statute that conflicts with the United States Constitution, I also have a duty to weigh the presumption when reaching a decision.

### A. *Delegation and Separation of Powers*

■ Defendant argues that the Sentencing Reform Act impermissibly delegates a legislative function to the judiciary. Defendant further asserts that the Act violates the doctrine of separation of powers for two reasons. First, the placement of the Sentencing Commission within the judicial branch violates the Constitution because the Commission does not function in a judicial capacity. Second, the doctrine of separation of powers is violated by the retention of power over members of the judiciary by the executive branch.

Eleven days after defendant made these arguments in its motion, which was filed on January 9, 1988, the United States Supreme Court issued its opinion in *Mistretta v. United States,* — U.S. —, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). In *Mistretta,* the Supreme Court discussed the precise issues cited above and held that the sentencing guidelines were constitutional since Congress neither delegated excessive legislative power to the Commission nor violated the separation of powers principle by placing the Commission in the judicial branch, by requiring federal judges to serve on the Commission and to share their authority with nonjudges, or by empowering the President to appoint Commission members and to remove them for cause.

---

**2.** For a discussion of the background of the Sentencing Reform Act of 1984 and the specifics of the guidelines see, e.g., *Mistretta v. United States,* — U.S. —, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989); *United States v. Franz,* 693 F.Supp. 687 (N.D.Ill.1988); *United States v. Landers,* 690 F.Supp. 615, 616–18 (W.D.Tenn.1988); *United States v. Brodie,* 686 F.Supp. 941, 942–43 (D.D.C. 1988); *United States v. Ortega Lopez,* 684 F.Supp. 1506, 1509–10 (C.D.Cal.1988).

Justice Blackmun, delivering the opinion of the Court in an eight to one decision, wrote:

"We conclude that in creating the Sentencing Commission—an unusual hybrid in structure and authority—Congress neither delegated excessive legislative power nor upset the constitutionally mandated balance of powers among the coordinate Branches. The Constitution's structural protections do not prohibit Congress from delegating to an expert body located within the Judicial Branch the intricate task of formulating sentencing guidelines consistent with such significant statutory directions as is present here. Nor does our system of checked and balanced authority prohibit Congress from calling upon the accumulated wisdom and experience of the Judicial Branch in creating policy on a matter uniquely within the ken of judges."

*Mistretta,* 109 S.Ct. at 675.

Defendant's arguments regarding the delegation and separation of powers issues do not present any novel angles that were not considered by the Supreme Court. Thus, while this court is not in the habit of giving short shrift to constitutional arguments, I see no need to rehash areas recently and fully addressed by the Supreme Court. Accordingly, this court finds that the Sentencing Reform Act of 1984 does not impermissibly delegate a legislative function to the judiciary and that the doctrine of separation of powers is not violated by the placement of the Sentencing Commission within the judicial branch or by the executive branch's retention of power over Commission members.

### B. *Due Process*

 The rest of defendant's arguments require more discussion because they present issues that have not been addressed by the Supreme Court, but only by a myriad of lower federal courts that have reached varying decisions. First, defendant argues that the application of the sentencing guidelines violates a defendant's due process right to an individualized sentencing decision. He asserts that the guidelines severely restrict judicial discretion and opposes what he perceives to be a mechanical application of the guidelines that were promulgated by Commissioners who are invisible to him and to the general public. He also argues that due process, which guarantees a defendant a fair opportunity to be heard, is violated because a criminal defendant has no opportunity to affect the court's assessment of the appropriate sentence by challenging the facts relied upon by the court or by pointing out circumstances peculiar to the case that are not considered adequately in the guidelines.

Defendant cites several decisions by lower federal courts that struck down the guidelines based, at least in part, on a violation of the due process clause.[3] This court agrees with Judge Burns's observation in *United States v. Belgard,* 694 F.Supp. 1488 (D.Or.1988) that the analyses in many of these opinions seem to blur the distinction between substantive and procedural due process. The two central themes that are emphasized in these cases that find a due process violation are as follows:

1. Defendants have a due process right to have individual consideration of all relevant circumstances of the offense. A defendant "is constitutionally entitled

---

**3.** *See, e.g., United States v. Brittman,* 687 F.Supp. 1329, 1354 (E.D.Ark.1988) (holding that the guidelines violate a defendant's right to individualized sentencing); *Brodie,* 686 F.Supp. 941, 952 (D.D.C.1988) (holding that the method of sentencing "offends that principle of fair procedures and denies due process of law to defendants in criminal cases"); *Ortega Lopez,* 684 F.Supp. at 1513 ("[T]he mechanical formulas and resulting narrow ranges of sentences prescribed by the Guidelines violate defendants' right to due process of law under the Fifth Amendment by divesting the Court of its traditional and fundamental function of exercising its discretion in imposing individualized sentences according to the particular facts of each case."); *United States v. Bolding,* 683 F.Supp. 1003, 1005 (D.Md.1988) ("The essence of due process is accountability, reason and a fair opportunity to be heard. These cannot be replaced by any administrative code, however extensively considered or precisely drawn."); *United States v. Frank,* 682 F.Supp. 815 (W.D.Pa. 1988) (holding that the guideline procedures do not adequately protect the right of defendant to present evidence and to challenge the basis of his sentence).

to an articulated exercise of discretion by the judge before whom he [or she] appears rather than to the mechanical application of formulae adopted by non-constitutional commissioners invisible to him and to the general public." *Bolding,* 683 F.Supp. at 1005.

2. Defendants have a procedural due process right to challenge the information on which their sentence is based.

Defendant has standing to challenge the constitutionality of the sentencing guidelines only insofar as they have an adverse impact on his own rights. *See United States v. Palma,* 760 F.2d 475, 477 (3rd Cir.1985) (citing *County Court of Ulster County v. Allen,* 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979)). This court will not sustain a blanket due process objection to the guidelines. *See United States v. Rodriguez,* 691 F.Supp. 1252 (W.D.Mo.1988). Thus, I will scrutinize only the guidelines' impact on this defendant's due process rights.

Defendant argues that the application of the guidelines violate his right to an individualized sentencing decision. The Supreme Court has never recognized a due process right to individualized sentences in noncapital cases. In *Lockett v. Ohio,* 438 U.S. 586, 604–05, 98 S.Ct. 2954, 2964–65, 57 L.Ed.2d 973 (1978), a capital case, the plurality opinion stated, "We recognize that, in noncapital cases, the established practice of individualized sentences rests not on constitutional commands, but on public policy enacted into statutes." The Seventh Circuit has held expressly in cases that were decided before the promulgation of the guidelines that no such right exists. *United States v. McCoy,* 770 F.2d 647 (7th Cir. 1985); *United States v. Oxford,* 735 F.2d 276 (7th Cir.1984); *accord United States v. Weidner,* 692 F.Supp. 968, 971–72 (N.D. Ind.1988); *United States v. Kerr,* 686 F.Supp. 1174 (W.D.Penn.1988). In fact, lower federal courts have upheld mandatory sentences that eliminate judicial discretion. *See, e.g., United States v. Goodface,* 835 F.2d 1233 (8th Cir.1987); *United States*

*v. Smith,* 818 F.2d 687 (9th Cir.1987). Accordingly, this court holds that defendant has no due process right to an individualized, discretionary sentence.

The sentencing guidelines do afford some sentencing discretion. The guidelines, for example, devise categories for offenses and offenders and define a sentencing range for each category of offender and offense. 28 U.S.C. § 994(b) (Supp. IV 1986). The ranges cannot be inconsistent with existing statutory sentence provisions for offenses, and the ranges cannot vary by more than the greater of six months or twenty-five percent from the minimum to the maximum sentence. 28 U.S.C. § 994(b)(2) (Supp. IV 1986). Thus, as long as the prescribed sentence for an offense affords some discretion, due process concerns remain. Defendant argues that he has no opportunity to effect this court's determination of the appropriate sentence by challenging the facts relied upon by the court or by pointing out circumstances peculiar to the case that are not considered adequately in the guidelines. While there are cases to support defendant's position[4], this court finds that the Act and the guidelines preserve defendant's right in this case.

This court may consider factors that are unique to defendant's case or that received insufficient weight in the guidelines and accordingly, deviate from the sentencing range. The Act provides:

[T]he court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that an aggravating or mitigating circumstance exists that was not adequately taken into consideration by the Sentencing Commission in formulating the guidelines and that should result in a sentence different from that described.

18 U.S.C. § 3553(b) (Supp. IV 1986); *see e.g., United States v. Ryan,* 866 F.2d 604 (3d Cir.1989) (holding that factors not considered in setting base offense level for offense of conviction may be considered for departure).

---

**4.** *See, e.g., Frank,* 682 F.Supp. at 818–819; *United States v. Martinez–Ortega,* 684 F.Supp. 634,

636 (D.Idaho 1988); *United States v. Elliott,* 684 F.Supp. 1535, 1541 (D.Colo.1988).

It is clear that the guidelines do not abolish judicial sentencing discretion. Furthermore the Commission also recognized the authority of courts to depart from the guidelines on the basis of unusual circumstances.[5] In fact, defendant is arguably given more procedural protection under guideline sentencing because the judge must provide a statement of reasons for a sentence that is imposed within the range, and any departure from the sentencing range must be supported by a written statement of reasons. Under the prior federal sentencing system, the judge generally had no obligation to explain or to justify his or her sentence. *See Franz,* 693 F.Supp. at 690–91; *Weidner,* 692 F.Supp. at 972–73; *Landers,* 690 F.Supp. at 623–24; *Kerr,* 686 F.Supp. at 1181–84; *United States v. Alves,* 688 F.Supp. 70, 79–80 (D.Mass.1988).

Furthermore, defendant maintains the right to participate in all phases of the pre-judgment process, the sentencing hearing, and any available post-conviction remedies. Those rights include the right to present objections to the pre-sentence report and to present evidence. *See* Fed.R. Crim.P. 32. In fact, disclosure of the pre-sentence report is required and opportunities to contest the pre-sentence report determinations are mandated by the guidelines. *Sentencing Guidelines,* § 6A1.3.

In this action, defendant has not been sentenced yet. He does argue that the judge's discretion is impermissibly constrained in this action because the judge cannot independently weigh the offender and offense characteristics that are considered in the guidelines. Defendant has two prior juvenile adjudications for which he received probation. Defendant contends that under the guidelines, his offender characteristics would be increased as a result of those juvenile adjudications to the same extent as if he had two prior adult convictions for serious drug offenses or violent crimes (provided that those convictions resulted in sentences of probation). It should be noted that the pre-sentence report has not been prepared, and I have made no finding of prior convictions. Consequently, the defendant's conclusion as to how these adjudications will be treated may not be correct. As explained, however, this court may depart from the guidelines in unusual cases. Thus, defendant's argument that the sentencing guidelines severely restrict judicial discretion in violation of his due process rights is untenable.

■ Defendant further argues that the application of the guidelines results in an inequitable result for an additional reason. Section 2P1.1(a) provides that the base offense level for the crime of escape is thirteen "if from lawful custody resulting from a conviction or as result of a lawful arrest for a felony." In the criminal history category, section (d) provides that the total points within the category are enhanced "if the Defendant committed the instant offense while under any criminal justice sentence" and are further enhanced "if the Defendant committed the instant offense less than two years after release from a sentence of imprisonment exceeding one year and one month." In this case, the aggravation of defendant's criminal history category points by the addition of three points for facts that comprise elements of the crime of escape may result in a potential sentencing range of eighteen to twenty-four months as opposed to twelve to eighteen months. This court, however, disagrees with defendant that this is an inequitable result. While there is no indication in the comments to the sentencing guidelines that the Commission considered this occurrence, there are valid reasons for enhancing defendant's sentencing range due to the addition of three points. Correctional officers have obviously legitimate reasons to keep control of and to encourage good behavior from prisoners such as defendant. The threat of an additional three points being added to the base offense level for the crime of escape may help correctional officers maintain a safe environment for themselves, as well as for the public and the prisoners. Therefore, this court finds that the application of the sentencing

---

**5.** See the introductory section of the sentencing guidelines, Ch. 1, Part A, Introduction 4(b), which discusses the Commission's departure policy.

guidelines to defendant has not caused an inequitable or constitutionally deficient result.

## III. CONCLUSION

For the abovementioned reasons, this court rejects defendant's constitutional challenge to the sentencing guidelines that were promulgated by the United States Sentencing Commission pursuant to the Sentencing Reform Act of 1984.