966 F.2d 1457
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Yvonne WEBSTER, Defendant/Appellant.
 No. 91-1010.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 8, 1992.
Decided June 10, 1992.
 
 Before BAUER, Chief Judge, and FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Yvonne Webster pled guilty to one count of knowingly conspiring to possess cocaine in violation of 21 U.S.C. § 841(a)(1) and § 846. The district court sentenced Ms. Webster to the mandatory minimum sentence (five years' imprisonment) imposed under § 841(b)(1)(B)(ii). On appeal, Ms. Webster's appointed attorney filed a motion to withdraw, believing any appeal would be frivolous. See Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). Pursuant to Circuit Rule 51(a), we notified Ms. Webster of her attorney's motion to withdraw, to which she did not respond. Finding no meritorious issue for appeal, we grant counsel's motion to withdraw and dismiss the appeal as frivolous.
 
 
 2
 Ms. Webster's attorney identifies one possible argument for appeal concerning the legality of Ms. Webster's sentence. At the sentencing hearing, the district court expressed its desire to sentence Ms. Webster under the Sentencing Guidelines and take into consideration mitigating factors, but correctly held that it lacked authority to disregard the statutorily imposed minimum sentence of § 841(b).
 
 
 3
 Ms. Webster's attorney argues that § 841's mandatory minimum sentencing scheme violates due process because it abolishes individualized sentencing. Apart from the fact that " 'there is no constitutional requirement that a sentencing judge individualize the sentence of each defendant,' " United States v. McCoy, 770 F.2d 647, 649 (7th Cir.1985) (quoting United States v. Oxford, 735 F.2d 276, 278 (7th Cir.1984)), this court has consistently rejected arguments that sentences imposed under § 841(b) violate the Constitution. See United States v. Velasco, 953 F.2d 1467, 1476 (7th Cir.1992) ("[m]andatory minimum sentences are not unconstitutional"); United States v. McNeese, 901 F.2d 585, 606 (7th Cir.1990) (collecting cases). See also McMillan v. Pennsylvania, 477 U.S. 79, 85 (1985) (upholding constitutionality of Pennsylvania's mandatory minimum statute for visible possession of a firearm during certain offenses).
 
 
 4
 Ms. Webster has not filed a response to the Ander's brief and our review of the record and sentencing transcript reveals no issues upon which we could base a reversal of Ms. Webster's guilty plea or sentence. Consequently, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.