**Andre JOHNSON, Petitioner,**

v.

**Jack T. HARTWIG, Warden, Respondent.**

**No. 97 C 0261.**

United States District Court,
N.D. Illinois,
Eastern Division.

Sept. 3, 1997.

Andre Johnson, Indianapolis, IL, pro se.

Michael Marc Glick, Illinois Atty. General's Office, Arleen C. Anderson, Illinois Atty. General's Office, Criminal Appeals Div., Chicago, IL, for Respondent.

### *OPINION AND ORDER*

NORGLE, District Judge.

Before the court is Petitioner Andre Johnson's ("Johnson") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the petition is denied.

## I. BACKGROUND

Johnson was convicted of conspiracy to commit murder following a jury trial in the Circuit Court of Cook County, Illinois. The jury found that Johnson and two armed accomplices, Lindsay Cannon ("Cannon") and Preston Adams ("Adams"), went to an apart-

ment building to retaliate against rival gang members for shooting at Adams earlier that day. When the rival gang arrived at the building, Cannon and Adams began shooting. During the shootout, Cannon fatally shot Edward Barrow, an innocent bystander.

The State jointly indicted and tried Johnson and his accomplices for murder and conspiracy to commit murder. At trial, the court gave the jury the following instructions for conspiracy to commit murder:

A person commits the offense of conspiracy when he, with intent that the offense of murder be committed, agrees with others to the commission of the offense of murder, and act in furtherance of the agreement is performed by any party to the agreement.

An agreement may be implied from the conduct of the parties although they acted separately or by different means and did not come together or enter into an express agreement.

To constitute the offense of conspiracy it is not necessary that the conspirators succeed in committing the offense of murder. (People's Instruction # 15).

To sustain the charge of conspiracy, the State must prove the following proposition:

- *First*: That the defendants agreed with each other to the commission of the offense of murder; and

- *Second*: That the defendant did so with intent that the offense of murder be committed; and

- *Third*: That an act in furtherance of the agreement was performed by any party to the agreement.

- If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.

- If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty.

- A person commits the offense of murder when he kills an individual if, in performing the acts which cause the death, he intends to kill or do great bodily harm to that individual or another; or he knows that such acts will cause death to that individual or another; or

- he knows that such acts create a strong probability of death or great bodily harm to that individual or another. (People's Instruction # 17)

(Resp't Answer at 15.) Following these instructions, the jury found Johnson and his accomplices guilty of conspiracy to commit murder. With respect to the murder charge, the jury convicted Cannon but acquitted Johnson and Adams. At sentencing, Johnson received a term of seven years of imprisonment in the Illinois Department of Corrections. Johnson is currently in the custody of the Respondent, Warden Jack T. Hartwig ("Hartwig"), at Big Muddy River Correctional Center in Ina, Illinois.

After his conviction, Johnson appealed to the Illinois Appellate Court and raised the following arguments: (1) that he was not proved guilty beyond a reasonable doubt; (2) that the jury instruction defining conspiracy was erroneous; and (3) that his trial should have been severed from his codefendants. *See id.* at 1–2.

After the appellate court affirmed Johnson's conviction in February 1990, Johnson filed a petition for leave to appeal to the Illinois Supreme Court. In his petition, Johnson raised the following two claims of error: 1) leave should be granted to declare that specific intent to kill is a necessary element of conspiracy to commit murder; and 2) the Illinois Pattern Jury Instructions ("IPJI") for conspiracy to commit murder fail to apprise the jury that intent to kill is an essential element of the offense. *See id.* at 2. On June 1, 1990, the Illinois Supreme Court denied the petition.

Johnson has exhausted his state court remedies and is foreclosed from further pursuing his constitutional claims in a state forum. *See* 725 ILCS §§ 5/122–1 to –3 (West 1996). Hence, Johnson has sought relief in federal court by filing the instant petition. In his petition, he argues that: (1) the jury instruction concerning conspiracy was defec-

tive in that it failed to require specific intent to kill; (2) he was denied due process because the trial court denied his motion to sever his trial from his codefendants; and (3) he received ineffective assistance of counsel.

## II. DISCUSSION

██ Before a federal court can consider a petition for habeas corpus, a petitioner must have exhausted all available state remedies and raised all his claims during the course of the state proceedings. *See Henderson v. Thieret,* 859 F.2d 492, 496 (7th Cir.1988). If a petitioner has failed to satisfy either of these requirements, "the petition is barred either for a failure to exhaust state remedies or for a procedural default." *Id.*

██ A petitioner has exhausted his state remedies when he has already presented his claim to the highest state court for a ruling on the merits or "when the claims could not be brought in state court because no remedies remain available at the time the federal petition is filed." *Farrell v. Lane,* 939 F.2d 409, 410 (7th Cir.1991) (citations omitted). In the instant case, Hartwig concedes, and the record plainly shows, that Johnson has exhausted his state remedies. (*See* Resp't Answer at 7.) Thus, the court turns to whether procedural default has occurred.

██ Procedural default can occur: 1) where a petition to the federal court includes new claims that the petitioner failed to raise at the state level, *See Henderson,* 859 F.2d at 496; or 2) where the state court declined to address a federal claim because the petitioner failed to comply with a state procedural requirement. *See Coleman v. Thompson,* 501 U.S. 722, 729–30, 111 S.Ct. 2546, 2553–54, 115 L.Ed.2d 640 (1991).

██ Hartwig argues that Johnson has procedurally defaulted his right to raise the issues asserted in the instant petition. With respect to Johnson's ineffective counsel issue, Hartwig argues that Johnson failed to raise this claim in state court. It is apparent from the record that Johnson did not raise his ineffective counsel argument in his appeal to the Illinois Appellate Court or in his petition for leave to appeal to the Illinois Supreme Court. Therefore, Johnson is procedurally

defaulted from raising his ineffective counsel claim for the first time in federal court.

██ With respect to Johnson's issue of severance, the record shows that Johnson asserted to the Illinois Appellate Court that the trial court committed error by refusing to sever his trial from his codefendants. The appellate court addressed his argument and rejected it. A claim that was raised at trial and resolved on the merits upon review by the state court will not be precluded from federal habeas review. *See Hogan v. McBride,* 74 F.3d 144, 146 (7th Cir.1996). Although Johnson did not raise this issue in his petition to the Illinois Supreme Court, an issue of trial error can be reviewed in federal court even though it was not submitted to the state supreme court on appeal. *See id.* at 146. Accordingly, Johnson is not defaulted from raising his claim that the trial court should have severed his trial from his codefendants.

██ In addition to asserting Johnson's failure to raise certain issues at the state level, Hartwig alleges other grounds for procedural default. Hartwig argues that Johnson's claim of erroneous jury instructions is procedurally defaulted because he failed to comply with an independent and adequate state procedural requirement. "Failure to present a claim at the time, and in the way, required by the state is an independent state ground of decision, barring review in federal court." *Hogan,* 74 F.3d at 146. To determine whether the state relied upon independent and adequate state procedures to make its decision, the court looks to the highest court that has supplied an explanation. *See Prihoda v. McCaughtry,* 910 F.2d 1379, 1383 (7th Cir.1990).

██ In this case, the Illinois Appellate Court was the highest state court to review Johnson's claim of erroneous jury instructions. The appellate court held that Johnson waived the issue by not objecting to the instructions at trial or in post-trial motions. Accordingly, Johnson's waiver constitutes a failure to comply with an independent and adequate state procedural requirement. See *Wainwright v. Sykes,* 433 U.S. 72, 86–87, 97 S.Ct. 2497, 2506–07, 53 L.Ed.2d 594 (1977).

Therefore, Johnson is procedurally defaulted from raising the issue of erroneous jury instructions in federal court.

■■■ Although Johnson is procedurally defaulted from raising the issues of ineffective counsel and erroneous jury instructions, federal review may still be available if Johnson can show cause for his procedural default and actual prejudice. *See McCleskey v. Zant,* 499 U.S. 467, 493, 111 S.Ct. 1454, 1469–70, 113 L.Ed.2d 517 (1991); *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 2564–65, 115 L.Ed.2d 640 (1991). In his brief, Johnson fails to show cause for the procedural default of his ineffective counsel claims or any actual prejudice. Johnson also fails to show cause for the procedural default of his claim of erroneous jury instructions. Though Johnson asserts ineffective counsel as the cause for his failure to object to the jury instructions, ineffective counsel is not a "cause" for failure to comply with a state's procedural rule unless the petitioner presented an independent claim of ineffective counsel in state court. *Murray v. Carrier,* 477 U.S. 478, 488–92, 106 S.Ct. 2639, 2645–48, 91 L.Ed.2d 397 (1986). Johnson failed to raise the issue of ineffective counsel in prior state appeals. As such, Johnson cannot show cause for his failure to challenge the jury instructions at trial or post-trial.

As a final resort, Johnson could demonstrate "that failure to consider [his] claims will result in a fundamental miscarriage of justice." *McCleskey,* 499 U.S. at 494–95, 111 S.Ct. at 1470 *See also Coleman,* 501 U.S. at 750, 111 S.Ct. at 2564–65. Johnson has failed to do so. Therefore, federal habeas review of these issues remains unavailable due to procedural default.

Even if the court were to overlook Johnson's procedural problems, his petition must still be denied on the merits. Johnson must comply with the requirements of the "Antiterrorism and Effective Death Penalty Act" of 1996 ("AEDPA") before he will receive consideration of his claim on the merits. See 28 U.S.C. § 2254; *Sweeney v. Parke,* 113 F.3d 716, 718 (7th Cir.1997). Pursuant to the AEDPA, Johnson may secure a writ of habeas corpus if he demonstrates that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2).

■■■ The AEDPA requires the court to "give state courts' opinions a respectful reading, and to listen carefully to their conclusions, but when the state court addresses a legal question, it is the law 'as determined by the Supreme Court of the United States' [rather than the law determined by other federal courts] that prevails." *Lindh v. Murphy,* 96 F.3d 856, 869 (7th Cir.1996), *rev'd on other grounds,* —— U.S. ——, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Where mixed questions of law and fact arise, federal courts will not grant collateral relief from state court judgments unless the state court's judgment is "unreasonable." See id. at 870. The AEDPA "tells federal courts: Hands off, unless the judgment in place is based on an error grave enough to be called 'unreasonable.' " *Id.* "Unreasonable[ness]" equates to a demonstration of incorrectness by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

The court will address each issue Johnson raises in the instant petition on the merits. First, Johnson contends that the jury instruction on conspiracy given at his trial was erroneous because it did not require a specific intent to kill. The trial court required the jury to find: (1) that the defendants agreed with each other to the commission of the offense of murder; (2) that the defendant (Johnson) did so with intent that the offense of murder be committed; and (3) that an act in furtherance of the agreement was performed by any party to the agreement. In the jury instruction for murder, the jury was required to find the following to convict: (1) Johnson (or one for whose conduct he is responsible) acted with intent to kill or do great bodily harm to Edward Barrow or another; or (2) he knew that his act would cause death or great bodily harm to Edward Barrow or another.

The jury instructions at Johnson and his accomplices' trial were the Illinois Pattern Jury Instructions ("IPJI") for murder and conspiracy to commit murder. Courts have approved the IPJI and directed that they be given preference over a non-IPJI. *See People v. Santiago,* 161 Ill.App.3d 634, 113 Ill. Dec. 419, 423, 515 N.E.2d 228, 232 (1987). The IPJI provided that the jury could convict for conspiracy to commit murder without finding a specific intent to kill.

■ Johnson only challenges the portion of the conspiracy instruction that refers to the intent that the offense of murder be committed. In his challenge, Johnson asserts that conspiracy to commit murder, like the offense of attempted murder, should require a finding of specific intent to kill, rather than merely intent to commit great bodily harm. A review of the respective statutes defining each offense reveals that Johnson's assertion is without merit. *See* 720 ILCS 5/8–4(a) (West 1994) (defining the offense of attempt);[1] 720 ILCS 5/8–2(a) (West 1994) (defining the offense of conspiracy).[2] The IPJI reflect the different mental states required in each statute by requiring a specific intent to kill in the instruction for attempted murder. As stated above, however, the IPJI do not require a finding of specific intent in the instruction for conspiracy. Consequently, a jury need not find specific intent to kill in returning a verdict of guilty for conspiracy to commit murder.

In *United States v. Feola,* the Supreme Court addressed the issue of the necessary mental state for a conspiracy conviction. *U.S. v. Feola,* 420 U.S. 671, 692, 95 S.Ct. 1255, 1267–68, 43 L.Ed.2d 541 (1975). In that case, Feola was charged with assault of federal officers and conspiracy to commit that offense. *See id.* at 671, 95 S.Ct. at 1257.

Feola argued that specific intent to assault a federal officer was required for a conviction on the charge of conspiracy to commit the assault of a federal officer. *See id.* at 686–87, 95 S.Ct. at 1264–65. The Supreme Court rejected this argument, holding that where "the substantive statute does not require [specific intent]," a greater degree of intent for those agreeing to commit the substantive offense was not required. *Id.* at 687, 95 S.Ct. at 1265.

Though *Feola* addressed a violation of a federal conspiracy statute (18 U.S.C. § 371), the same reasoning can be applied here in rejecting Johnson's assertion. The jury at Johnson's trial was instructed that one of three alternative mental states could suffice for the substantive offense of murder: 1) intent to kill; or 2) intent to do great bodily harm; or 3) knowledge that certain acts create a strong probability of death or great bodily harm to another. As such, specific intent to kill was not the only alternative permitted to find Johnson guilty of conspiracy to commit murder. In returning its guilty verdict, the jury could, and apparently did, find that Johnson possessed one of the three alternative mental states required for murder. Therefore, the jury found "at least the degree of criminal intent necessary for the substantive offense itself" *Feola,* 420 U.S. at 686, 95 S.Ct. at 1265 (citations omitted). Accordingly, the court cannot say that the trial court's failure to instruct the jury to find specific intent to kill to convict Johnson for conspiracy "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).[3]

■ Johnson's second ground for habeas relief is that he was denied due process

---

**1.** Illinois defines attempt as follows: "A person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense." 720 ILCS 5/8–4(a) (West 1994).

**2.** Illinois defines the crime of conspiracy as:

A person commits conspiracy when, with intent that an offense be committed, he agrees with another to the commission of that offense. No person may be convicted of conspiracy to commit an offense unless an act in furtherance

of such agreement is alleged and proved to have been committed by him or by a co-conspirator. 720 ILCS 5/8–2(a) (West 1994).

**3.** As for the alternative prong allowing habeas relief under the AEDPA (28 U.S.C. § 2254(d)(2)), Johnson does not assert that the jury's decision was an unreasonable determination of the facts based on the evidence presented before it. In any event, a review of the record does not warrant such a finding.

when his trial was not severed from the trial of his codefendants. The trial judge has discretion as to whether a multidefendant trial should be severed. *See Madyun v. Young,* 852 F.2d 1029, 1034 (7th Cir.1988). A court will grant habeas corpus relief only if there is an abuse of that discretion and the refusal to sever resulted in a trial that was fundamentally unfair. *Id.* Joint trials may be found fundamentally unfair if codefendants present "mutually antagonistic defenses" or if the "actual conduct" of the defense of one defendant prejudices that of another. *Id.*

In the case at bar, Johnson fails to establish any abuse of discretion or that his trial was fundamentally unfair. Although his codefendants' respective defenses may have been antagonistic to Johnson's, it did not preclude Johnson from asserting his defense. There is a "strong public interest in having persons jointly indicted tried together, especially where the evidence against the defendants arose out of the same acts or series of acts." *United States v. Oxford,* 735 F.2d 276, 280 (7th Cir.1984). A presumption exists that co-conspirators who are indicted together are properly tried together. *See United States v. Rivera,* 6 F.3d 431, 437 (7th Cir.1993). "Finger-pointing is an acceptable cost of the joint trial and at times is even beneficial because it helps complete the picture before the trier of fact." *United States v. Buljubasic,* 808 F.2d 1260, 1263 (7th Cir. 1987), *cert. denied,* 484 U.S. 815, 108 S.Ct. 67, 98 L.Ed.2d 31 (1987). Therefore, the court finds no abuse of discretion.

Johnson's final ground in support of his writ of habeas corpus is his counsel's failure to object to the jury instructions given at his trial. In reviewing an ineffective assistance of counsel claim, the court is highly deferential to trial counsel's performance. *See Olmstead v. United States,* 55 F.3d 316, 320 (7th Cir.1995). Thus, the petitioner must "overcome the presumption that the challenged action or inaction could not fall within the broad range of sound trial strategy." *United States v. McKinley,* 23 F.3d 181, 185 (7th Cir.1994). The court notes that the jury instructions given in Johnson's trial were the IPJI for (1) conspiracy to commit murder and (2) murder. These instructions are pre-ferred over ones that are not IPJI. *Santiago,* 113 Ill.Dec. at 423, 515 N.E.2d at 232. Therefore, Johnson fails to overcome the presumption that they were within sound trial strategy.

In addition, Hartwig argues that Johnson has failed to make a case of ineffective assistance of counsel based upon the standards that the Supreme Court promulgated in *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984). To establish a claim for ineffective assistance of counsel, a petitioner must show: (1) that his attorney's performance fell below an objective standard of reasonableness; and (2) that, but for the deficient performance, the result of the proceeding would have been different. *See id.* Johnson has not offered any evidence that his attorney was outside any objective standard of reasonableness for failing to object to the IPJI given. Furthermore, Johnson has not presented any evidence that the trial judge would have allowed different jury instructions or that the outcome would have been different if the IPJI had not been used. Therefore, Johnson's contention that his counsel was ineffective for failing to object to the jury instructions given at his trial is insufficient for granting habeas relief Accordingly, Johnson fails to support his claim of ineffective assistance of counsel.

## III. CONCLUSION

For the foregoing reasons, the court denies Johnson's petition for a writ of habeas corpus.

IT IS SO ORDERED.