908 F.2d 968
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Shirley Jean TOMLIN, Defendant-Appellant.
 No. 90-5452.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 23, 1990.
Decided: June 21, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (CR-89-23-5).
 Lewis A. Thompson, III, Banzet, Banzet & Thompson, Warrenton, N.C., for appellant.
 Margaret Person Currin, United States Attorney, Linda Kaye Teal, Assistant United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 On July 29, 1986, appellant was sentenced in the Eastern District of North Carolina to five years imprisonment as a result of her plea of guilty to receipt of stolen mail, in violation of 18 U.S.C. Sec. 1708. On March 23, 1988, she was transferred from the Federal Correctional Institution at Alderson, West Virginia, to the Salvation Army Community Treatment Center at Raleigh, North Carolina. On October 6, 1988, the Bureau of Prisons notified the United States Marshals Service to take appellant into custody and return her to Alderson because she was a Community Treatment Center failure. Before the marshals could take Tomlin into custody, she escaped from the Community Treatment Center. She was apprehended and taken into custody on November 22, 1988, in Wilson, North Carolina.
 
 
 2
 Thereafter she was indicted under 18 U.S.C. Sec. 751(a) for escape and pled guilty to this charge on October 26, 1989. At the sentencing hearing held December 13, 1989, appellant took exception to the two-level increase under Sentencing Guideline Sec. 4A1.1(d), which adds two points to the base offense level if the defendant committed any part of the instant offense while under any criminal justice sentence "including probation, parole, supervised release, imprisonment, work release or escape status." After considering the arguments of counsel, the district court found that the two-point increase was proper and sentenced appellant accordingly. Appellant now claims error because of the addition of the two points.
 
 
 3
 Appellant argues that the provisions of Sec. 4A1.1(d) should not be used as a method to more severely punish those who have escaped, because the guidelines have taken into consideration the seriousness and the need for punishment for the offense of escape by establishing a base offense level of 13. Appellant argues that if Sec. 4A1.1(d) is always applied to the offense of escape, then the base offense level in every escape will begin at 15 rather than 13.* Appellant contends that the question of escape is adequately covered by the 13 base offense level in Sec. 2P1.1 and that the policy considerations underlying the guidelines reflect that Sec. 4A1.1(d) is not applicable to escape.
 
 
 4
 The appellant's position is supported by only two reported cases of district courts: United States v. Clark, 711 F.Supp. 736 (S.D.N.Y.1989), and United States v. Bell, 716 F.Supp. 1207 (D.Minn.1989). However, the circuit courts have gone the other way. United States v. Goldbaum, 879 F.2d 811 (10th Cir.1989); United States v. Ofchinick, 877 F.2d 251 (3d Cir.1989); United States v. Carroll, 893 F.2d 1502 (6th Cir.1990); United States v. Vickers, 891 F.2d 86 (5th Cir.1989); United States v. Jimenez, 897 F.2d 286 (7th Cir.1990). These courts found that the two-level increase was applicable to the offense of escape. The language of the guidelines is unambiguous. Section 4A1.2(c) sets forth the sentences for prior offenses that are not to be counted, and this list does not include escape. We find the reasoning of the above Courts of Appeals to be persuasive, and we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and oral argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 This is an incorrect assumption. The increase would not apply to an escape while awaiting trial, because such a defendant would not have then been "under any criminal justice sentence."