972 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pedro SOTELO and Jose A. Melendez-Gomez, Defendants-Appellants.
 Nos. 91-3430, 91-3432.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 24, 1992.
Decided July 31, 1992.
 
 Before CUMMINGS, POSNER and MANION, Circuit Judges.
 
 ORDER
 
 1
 Pedro Sotelo and Jose Asencion Melendez-Gomez pleaded guilty to escaping from federal custody under 18 U.S.C. § 751(a), and their appointed counsel filed notices of appeal from those convictions.* Counsel now moves to withdraw from representing Sotelo and Melendez-Gomez for the reason that any appeal would be frivolous. See Anders v. California, 386 U.S. 738, 744 (1967). This court notified Sotelo and Melendez-Gomez of their right to file a response under Circuit Rule 51(a), but they failed to so respond. We grant counsel's motions to withdraw and dismiss the appeals.
 
 
 2
 On July 13, 1991, Sotelo and Melendez-Gomez were incarcerated at the federal prison camp in Marion, Illinois, for drug-related offenses when they escaped by fleeing into the woods surrounding the camp. They hid in the woods until daybreak the next day, travelling to Carbondale, Illinois, where they were apprehended by police. Both men were charged with one count of escape, to which they entered pleas of guilty. The district judge sentenced each to an eight-month term, to run consecutively to the one they were serving at the time of their escape, and to two years of supervised release.
 
 
 3
 In calculating their sentences, the district judge determined that the base level offense for Sotelo's and Melendez-Gomez's crime of escape was thirteen. Guideline § 2P1.1(a)(1). The district judge reduced this level by four points because the escape was from non-secure custody, see Guideline § 2P1.1(b)(3), and by two points for acceptance of responsibility, see Guideline § 3E1.1. The reduction resulted in an adjusted offense level of seven.
 
 
 4
 The district judge next calculated Sotelo's and Melendez-Gomez's criminal history category. He gave both three points for having a prior felony conviction under Guideline § 4A1.1(a), two points for committing the crime of escape while under a criminal justice sentence under Guideline § 4A1.1(d), and one point for committing the crime of escape while imprisoned under Guideline § 4A1.1(e). The total of six points placed Sotelo and Melendez-Gomez in criminal history category III. Cross-referencing criminal history category III with an adjusted offense level of seven yielded a sentencing range of four to ten months.
 
 
 5
 In his Anders briefs, counsel raises one argument for appeal: the district judge's addition of three criminal history points under Guideline §§ 4A1.1(d) and (e) constituted impermissible double counting because the base offense level for escape under Guideline 2P1.1(a)(1) necessarily contemplates that Sotelo and Melendez-Gomez were serving a criminal justice sentence when they committed the crime of escape. Without these three points, Sotelo and Melendez-Gomez would have fallen into criminal history category II, resulting in a sentencing range of two to eight months.
 
 
 6
 We have already rejected this argument and held that Guideline §§ 4A1.1(d) and (e) apply to persons convicted of escape. See United States v. Jimenez, 897 F.2d 286, 287 (7th Cir.1990). We therefore conclude that the district judge properly applied §§ 4A.1.1(d) and (e) to Sotelo's and Melendez-Gomez's escape convictions. Accordingly, appointed counsel's motions to withdraw are GRANTED and the appeals are DISMISSED.
 
 
 
 *
 This Court, upon its own motion, consolidated Appeal Nos. 91-3430 and 91-3432. See Fed.R.App.P. 3(b)