UNITED STATES of America

v.

Kathleen Lynn DUGAN.

Crim. No. 4–88–51(2).

United States District Court,
D. Minnesota,
Fourth Division.

Feb. 7, 1989.

Jerome Arnold, U.S. Atty., Minneapolis, Minn., for U.S.

Dan Scott, Federal Public Defender, Minneapolis, Minn., for Kathleen Dugan.

## FINDINGS OF FACT AND ORDER

ROSENBAUM, District Judge.

On July 20, 1988, defendant entered a plea of guilty to a charge of aiding and assisting an escape in violation of 18 U.S.C. § 752(a). Her plea was pursuant to a plea agreement. On November 18, 1988, the Court accepted defendant's guilty plea, but rejected the terms of the plea agreement. The defendant declined to withdraw her plea of guilty opting instead for a hearing to determine the appropriate guideline sentence range. The hearing was held on January 20, 1989.

This case presents a question as to the proper application of the sentencing guidelines to a set of acknowledged facts. The basic facts are set forth in the pre-sentence investigation (PSI) which is attached hereto. There are material disputes as to the implication and upshot of those facts. The government, the defendant, and the PSI agree that the basic offense level is 13 pursuant to guideline section 2P1.1. Four points are at issue:

1) A five point increase pursuant to section 2P1.1(b)(1) for the existence of a threat of force—defendant maintains she was only involved in the preparation of the escape and no points should be added.

2) A two point award for acceptance of responsibility pursuant to Chapter 3, Part E—the government and defense argue in support; the probation officer preparing the PSI did not find acceptance.

3) Any increase or decrease pursuant to sections 3B1.1 and 3B1.2 as a consequence of defendant's role in the offense—defendant claims she was a minimal participant and seeks a four point reduction from her base score pursuant to section 3B1.2(a); the government agrees that defendant was a follower, but advocates no decrease; the probation officer, in the PSI, determined that defendant was an "organizer, leader, or manager" and increased defendant's offense level by two points pursuant to section 3B1.1(c).

4) The addition of three points pursuant to section 3A1.2 because a co-defendant threatened a Ramsey County Deputy Sheriff with a pistol during the escape—the government and defendant suggest there be neither an increase nor decrease in this regard; defendant particularly argues that the offense charged is an escape, and contends only the government can be the victim in this type of offense (see Guideline section 3A1.2 comment 1).

*Findings of Fact*

1. Threat of Force

■ Co-defendant Rucci pointed a loaded gun at the deputy sheriff who had co-defendant Dugan in his custody (PSI, paragraph 16), and co-defendant Dugan made his escape.

Guideline section 2P1.1, to be used in escape offenses, contemplates a five point increase pursuant to section 2P1.1(b)(1) any time a use or threat of force is "involved." Here, defendant secured the bullets used in the gun (PSI, paragraph 15). From this the Court concludes that she knew and contemplated the threat of deadly force. The section makes no distinction between individuals who actually exercise or threaten the force and those who assist in its procurement. The Court declines to bypass section 2P1.1(b)(1) merely on the basis that defendant was not at the scene of the use of force by co-defendant Rucci.

The Court finds that a five point increase is warranted because of the threat of force.

2. Acceptance of Responsibility

■ Both the government and the defendant indicate that defendant is strongly influenced by her co-defendant husband. Her plea of guilty, while accepted by the Court as the product of her own volition,

was a significant result of instruction by her husband. Defendant has urged that she was simply a cipher in all of these events. The Court rejects this position.

Defendant took no step to stop this criminal event, she has taken no step to terminate it, and her only act of contrition is the plea she has entered. She professes concern for her children, but this is not in itself an indication of acceptance of responsibility. She has gone no further than the admission—and that at her co-defendant husband's behest—contemplated by Guideline section 3E1.1, at comment 3.

The Court declines to award a reduction of two points for acceptance of responsibility.

### 3. Aggravating or Mitigating Role

■ The Court holds that defendant's role in the offense charged is a non-factor and neither adds nor subtracts any points therefore.

The Court concludes that defendant played an active and essential part in the execution of a plan which she did not conceive. She rented the escape vehicle from a commercial auto-rental agency (PSI, paragraph 10); she acted as courier for the funds to bail out the gun-wielding accomplice who effectuated the escape (PSI, paragraph 10); she rented a second vehicle for use after the escape was to be completed (PSI, paragraph 11); she rented the room the escapee was to use (PSI, paragraph 13); and, as above, secured the bullets for the gun which was used (PSI, paragraph 15). She was a willing participant and fulfilled her role. None of the guideline provisions in sections 3B1.1 or 3B1.2 apply.

While defendant was not an "organizer, leader, manager, or supervisor," Guideline section 3B1.1(a)–(c), neither was she a "minimal," Guideline section 3B1.2(a), or "minor," Guideline section 3B1.2(b), participant. No points are added or subtracted for aggravation or mitigation.

### 4. Official Victim

■ This escape was accomplished by pointing a loaded firearm at the Ramsey County Deputy Sheriff who had Edward Lee Dugan in his custody (PSI, paragraph 16).

Notwithstanding this fact, both the United States and the defendant argue that there was no victim. Their claim is that, by definition, the only victim in an escape is the United States itself. The Court may accept this metaphysical sophistry in the context of a halfway house "walkaway," but absolutely declines to do so when the person staring down the barrel of a gun is a sworn law enforcement officer, here a Ramsey County Deputy Sheriff. A glance at legal history reveals that the victim of any crime is the Crown, which is deprived of its servant-at-arms, but there is an additional victim here and that victim is the officer.

The government and the defendant extend their argument by suggesting that there is no guideline victim in the absence of an indictment for an offense pursuant to 18 U.S.C. § 1114 (protection of officers and employees of the United States). The Court similarly rejects this argument. It is clear that the guidelines limit a court's sentencing discretion and inversely enhance the charging discretion of the United States Attorney. But there is nothing in the enabling legislation or the guideline's text which suggests that a court is to blind its eye and pretend that the admitted assault which occurred here (PSI, paragraph 16) is a nullity simply because the United States Attorney declined to seek, or was unable to obtain, an indictment. Congress did not go so far.

The introductory comment to the "Victim–Related Adjustments" provides that the adjustments are included because "they may apply to a wide variety of offenses." Guidelines, Chapter 3, Introductory Commentary. The guidelines contemplate total offense sentencing. *See* Guideline section 1B1.3, Background. The armed assault was part of this offense and will be considered.

With these factors in mind, the Court finds it appropriate to add three points to the basic offense level for the presence of

an official victim as contemplated by Guidelines section 3A1.2. The Court recognizes that by adding points for the "threat of force" under issue 1, *infra,* and further adding points for the "official victim," there is the possibility of a compounding of the punishment. This matter will be considered at the time of decision on possible departure from the guidelines' presumptive sentence.

5. Application of Guidelines

The Court concludes that there is a basic offense level of 13. The Court adds five levels for threat of force and three levels for an official victim. The total offense level is, therefore, 21. Since defendant has a criminal history category of I, the Court holds that the applicable sentence is 37–46 months.

IT IS SO ORDERED.