**UNITED STATES of America, Plaintiff/Appellee,**

v.

**Cary Thomas GOLDBAUM, Defendant/Appellant.**

No. 88–2239.

United States Court of Appeals, Tenth Circuit.

July 21, 1989.

Benjamin L. Burgess, Jr., U.S. Atty., and Kurt J. Shernuk, Asst. U.S. Atty., Topeka, Kan., for plaintiff/appellee.

Frank J. Yeoman, Jr., Topeka, Kan., for defendant/appellant.

Before MOORE, ANDERSON and BRORBY, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

Goldbaum was charged with and pleaded guilty to the offense of unlawful escape from custody in violation of 18 U.S.C. § 751(a). The district court, in its memorandum and Order of July 22, 1988, denied Goldbaum's motion to declare the United States Sentencing Commission's Sentencing Guidelines invalid and unenforceable on constitutional grounds and thereafter sentenced Goldbaum to 24 months imprisonment.[1]

On appeal, Goldbaum renews his constitutional challenges to the Sentencing Reform Act and the Sentencing Guidelines.

He argues first that they violate the separation of powers doctrine and that they amount to an unconstitutional delegation of legislative authority. These challenges were addressed and rejected by the Supreme Court in *Mistretta v. United States*, — U.S. —, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989), which upheld the constitutionality of the Sentencing Guidelines.

Goldbaum also raises several due process challenges to the Sentencing Guidelines. However, as he concedes, such arguments were not raised below. Therefore, they are not properly before this court. *Gundy v. United States*, 728 F.2d 484, 488 (10th Cir. 1984); *Kenai Oil & Gas, Inc. v. Dept. of the Interior*, 671 F.2d 383, 388 (10th Cir. 1982).

■ Goldbaum's final argument is that the district judge erred in applying the Sentencing Guidelines, and in particular, in determining the "Criminal History Category" for Goldbaum. After assigning Goldbaum a base level of 13 for the underlying offense of escape, the district judge calculated the criminal history level and added three points to that category pursuant to Guidelines §§ 4A1.1(d) and (e). Guideline § 4A1.1(d) provides that two points are to be added to the defendant's criminal history category if the "defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Guideline § 4A1.1.(e) provides that two points are to be added "if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b)." However, only one point can be added pursuant to § 4A1.1(e) if two points are added pursuant to § 4A1.1(d). An accompanying application note provides that points may be added under § 4A1.1(e) even if the defendant committed the offense while still in confinement. Commentary, Application Note 5 to § 4A1.1, United States Sentencing Commis-

---

**1.** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

sion Guidelines Manual, p. 4.3. *See also United States v. Ofchinick*, 877 F.2d 251 (3rd Cir., 1989).

Goldbaum argues that because "confinement" and "imprisonment" are substantive elements of the crime of escape pursuant to 18 U.S.C. § 751(a) they should not be also considered as enhancement factors for the purposes of Guidelines §§ 4A1.1(d) or (e). The crux of Goldbaum's argument is that the policy behind the enhancement sections in chapter 4 of the Guidelines is to punish a defendant more severely for offenses committed while in custody and for offenses committed close in time to previous crimes. He asserts that because custody is a necessary element to the crime of escape it cannot also be considered a factor making the crime more egregious and thereby warranting enhancement of the punishment. As stated in Goldbaum's brief, "escape is not made worse by being committed while in custody. It is made possible by being ... in custody." Appellant's Brief at 10.

The government argues that the Sentencing Guidelines should be interpreted as if they were a statute. Because they clearly and unambiguously call for the addition of three points to the criminal history category in this situation and because there is no express intent (in the Guidelines or their accompanying notes) to the contrary, the clear language must be followed.

Our research indicates that only four courts have directly addressed this issue in published opinions. Of these, three have rejected the defendants' challenges to the application of the enhancement points. *See United States v. Ofchinick*, 877 F.2d 251; *United States v. Medeiros*, 710 F.Supp. 106 (M.D.Pa., 1989); *United States v. Jimenez*, 708 F.Supp. 964, 968–69 (S.D.Ind.1989). *See also United States v. Birchfield*, 709 F.Supp. 1064 (M.D.Ala., 1989) (three points were added by court but such action not challenged by defendant). One court has held that the application of the enhancement points was improper "double counting." *See United States v. Clark*, 711 F.Supp. 736 (S.D.N.Y.1989). In *Clark* the court incorrectly reasoned that the applica-

tion of two points pursuant to § 4A1.1(d) constitutes impermissible double punishment because the sentence for the crime of escape will always be enhanced.

██ Although Goldbaum's position is tenable, we conclude that the district court was correct in applying the three enhancement points. First, we agree with the government that the Sentencing Guidelines must be interpreted as if they were a statute or a court rule, *cf. Mistretta v. United States*, — U.S. at ——, 109 S.Ct. at 664–65, 102 L.Ed.2d at 743. Therefore, we follow the clear, unambiguous language if there is no manifestation of a contrary intent. The Sentencing Guidelines are an integrated, comprehensive, and systematic scheme to replace the former system of federal sentencing. The structure of the Sentencing Guidelines suggests that the criminal history category is to be determined without regard to the nature of the crime for which the defendant is currently being sentenced. *See United States v. Reyes–Ruiz*, 868 F.2d 698, 700 (5th Cir. 1989) ("The defendant's criminal history is calculated independently of the offense level."). The general application principles specified in Guideline § 1B1.1 make it clear that a particular order was intended to be followed in the application of the guidelines. Where exceptions to the general rules of application are intended, express reference is made by the Sentencing Commission. *See, e.g.,* Guideline § 2C1.2, Application Note 2, p. 2.34; Guideline § 2J1.2, Application Note · 2, p. 2.86; Guideline § 2T1.1, Application Note 5, p. 2.140; Guideline § 2T1.4, Application Note 3, p. 2.144; Guideline § 2X3.1, Application Note 2, p. 2.153. As a general principle of statutory interpretation, if a statute specifies exceptions to its general application, other exceptions not explicitly mentioned are excluded. *United States v. Jones*, 567 F.2d 965, 967 (10th Cir.1977). *See also United States v. Ofchinick*, (applying principle to identical situation as in case at bar). Therefore, in the absence of any contrary intent we must apply the clear language of the guideline and presume that in formulating the base level specified for the crime of escape in Guideline § 2P1.1, the Sentencing

**814**

Commission had in mind that under Guidelines §§ 4A1.1(d) and (e), points would be added to the particular defendant's criminal history category thereby enhancing the sentence.

Second, there is not a complete overlap, as Goldbaum seems to suggest, between the escape offenses covered by Guideline § 2P1.1 and the escape offenses which would be enhanced by the application of Guidelines §§ 4A1.1(d) and (e). Guideline § 2P1.1 is entitled "Escape, Instigating or Assisting Escape." Guideline § 2P1.1(a) provides that a base offense level of 13 is to be given if the escape was from "lawful custody resulting from a conviction or as a result of a lawful arrest for a felony." This guideline is broad in application and applies to those who escape from a high security prison as well as to those who escape from the "lawful custody" of a police officer in a police station after a "lawful arrest" for a felony. It is also applicable to defendants who aid and assist an escape in violation of 18 U.S.C. § 752 even if they were not in custody at the time of the offense and have no prior criminal record. *See United States v. Dugan,* 704 F.Supp. 175 (D.Minn.1989); Guideline § 2P1.1, Statutory Provisions. In the words of the Third Circuit:

> "Inasmuch as persons not in custody may be sentenced under the guideline, it is inconceivable that the Sentencing Commission intended the establishment of a base offense level therein to impact on the computation of the criminal history category. A contrary ruling would mean that an inmate who escaped, whose only criminal history was the offense for which he was in custody when he escaped, would be subject to the same sentencing range as a person who had no criminal history and assisted an inmate to escape. We refuse to construe the guidelines to reach such an absurd result."

*United States v. Ofchinick,* 877 F.2d 251. Because of the broad application of Guideline § 2P1.1 the Sentencing Commission may well have intended to differentiate the sentences for the various § 2P1.1 offenses by using the criminal history category in

chapter 4, thereby enhancing the punishment for defendants who have a criminal history or who have escaped from prison in relation to those defendants who, for example, have no criminal history and just assisted an escape or who only escaped from the custody of a police officer after a lawful arrest.

Accordingly, we AFFIRM the decision of the district court in all respects.