UNITED STATES of America,
Plaintiff–Appellee,

v.

John L. VICKERS,
Defendant–Appellant.

No. 89–3308.

United States Court of Appeals,
Fifth Circuit.

Dec. 8, 1989.

Francis King, Asst. Federal Public Defender, John T. Mulvehill, Federal Public Defender, New Orleans, La., for defendant-appellant.

Robert J. Boitmann and Patrice M. Harris, Asst. U.S. Attys., John P. Volz, U.S. Atty., New Orleans, La., for plaintiff-appellee.

Before THORNBERRY, JOHNSON & JOLLY, Circuit Judges.

PER CURIAM:

John Vickers challenges the district court's refusal to depart downward from the sentencing guidelines. For the reasons cited herein, we affirm.

I. FACTS AND PROCEDURAL HISTORY

On July 30, 1986, John Vickers (hereafter Vickers) was sentenced to a forty-eight month term of imprisonment for possession of a stolen treasury check. On November 12, 1987, Vickers was transferred from a Federal Correctional Institution to a residential center located in New Orleans. While serving his sentence at the residential center, Vickers absconded. Due to be released on March 28, 1988, Vickers returned of his own volition to the residential center on February 10, 1988. Vickers was subsequently charged with, entered a plea of guilty to, and was convicted of escaping from federal custody in violation of 18 U.S.C. § 751(a).

Applying section 2P1.1(a)(1) of the Federal Sentencing Guidelines (hereafter the Guidelines), the district court determined a base level of thirteen for the offense of unlawful escape from custody in violation of 18 U.S.C. § 751(a). The district court reduced Vickers' base level of thirteen by two points because Vickers had demonstrated acceptance of responsibility. The district court next enhanced Vickers' base

offense level by two points under 4A1.1(d) for committing the instant offense while in the custody of the Attorney General and by one point under 4A1.1(e) for committing the instant offense within two years following Vickers' original conviction for possession of a stolen treasury check. The resulting sentencing range under the Guidelines was a term of between twenty-four to thirty months imprisonment. The district court assessed Vickers' punishment at twenty-four months imprisonment, with the term to run consecutively to Vickers' previous sentence pursuant to section 5G1.3 of the Guidelines. Thereafter, Vickers perfected the instant appeal.

## II. DISCUSSION

██ On appeal, Vickers contends that the district court erred in enhancing Vickers' sentence two points under section 4A1.1(D) for committing the offense of escape while serving a term of imprisonment under a criminal justice sentence, and one point under section 4A1.1(e) for committing the offense of escape less than two years following his release from confinement on the stolen treasury check conviction. Vickers argues that his sentence was improperly enhanced twice by what should have been mutually exclusive criteria for what was essentially the same criminal conduct. In other words, Vickers urges that the base offense level under the Guidelines for unlawful escape from custody necessarily takes into account the fact that the defendant was in custody when he committed the offense; therefore, the enhancement of the base offense level because the defendant was in custody amounts to a "double whammy." In sole support of the above contentions, Vickers argues that the Sentencing Commission (hereafter the Commission) did not adequately anticipate situations such as his in the promulgation of the Guidelines.

This is a question of first impression in this Circuit. In *United States v. Goldbaum*, 879 F.2d 811 (10th Cir.1989), the Tenth Circuit was confronted with facts similar to those presented by the instant case. In *Goldbaum*, the defendant Goldbaum, while serving a sentence of imprison-

ment, escaped from custody. Upon his return to custody, Goldbaum entered a plea of guilty to the offense of unlawful escape from custody in violation of 18 U.S.C. § 751(a). As in the instant case, the district court, after assigning Goldbaum a base level of thirteen for the underlying offense of escape, enhanced the base level by two points and one point respectively under section 4A1.1(d) and section 4A1.1(e) of the Guidelines. As does Vickers in the instant case, Goldbaum argued that because "confinement" and "imprisonment" are substantive elements of the crime of escape pursuant to 18 U.S.C. § 751(a), they should not be also considered as enhancement factors for the purposes of sections 4A1.1(d) and 4A1.1(e) of the Guidelines. In support of his contentions, Goldbaum urged that the policy behind the enhancement provisions of sections 4A1.1(d) and 4A1.1(e) is to punish an offender more severely for offenses committed while in custody and for offenses committed in close temporal proximity to previous offenses. Goldbaum argued that because custody is a necessary element to the crime of escape, it cannot simultaneously be considered a factor which would make the crime more grievous for sentencing purposes. As Goldbaum cleverly stated on brief, "escape is not made worse by being committed while in custody. It is made possible by being ... in custody." *Goldbaum*, 879 F.2d at 813.

In *United States v. Ofchinick*, 877 F.2d 251 (3d Cir.1989), the defendant Ofchinick was convicted of escaping from a Federal Correctional Institution where he was serving a five year sentence for mail fraud. As in the instant case, Ofchinick's base offense level for unlawful escape from custody in violation of 18 U.S.C. § 751(a) was assessed at thirteen. Among the six enhancement points to Ofchinick's base offense level were two points under section 4A1.1(d) of the Guidelines and one point under section 4A1.1(e) of the Guidelines. Ofchinick contended that the above enhancements violated the due process clause of the Fifth Amendment and was "without foundation in the law or common sense."

*Ofchinick,* 877 F.2d at 253. Ofchinick argued that the base offense level of thirteen for the offense of escape under 18 U.S.C. § 751(a) already took into account the fact that a defendant would necessarily be in custody. Ofchinick urged that because the offense of escape has as an essential element that the perpetrator be in custody, his sentence was the result of improper "double counting" because his status was counted twice when points were added under sections 4A1.1(d) and (e) in addition to the base offense level of thirteen for escape.

The reasoning of the Tenth and Third Circuits in holding that the above described enhancements were not improper illuminates our path. *See also United States v. Medeiros,* 884 F.2d 75 (3d Cir.1989); *but see United States v. Clark,* 711 F.Supp. 736 (S.D.N.Y.1989). We are inclined, as was the Tenth Circuit, to view the Guidelines as if they were statutes or court rules for purposes of construction and interpretation. *United States v. Goldbaum,* 879 F.2d 811, 813 (*citing Mistretta v. United States,* — U.S. —, 109 S.Ct. 647, 664–65, 102 L.Ed.2d 714 (1989)). Accordingly, this Court follows the clear, unambiguous language of the Guidelines if there is no discernible manifestation of contrary intent.

As the Tenth Circuit properly noted, wherever there are exceptions to the general rules of Guidelines application, express reference to those exceptions was made by the Sentencing Commission. *Id.* (citations omitted). Guided by the principle of statutory construction that the enumeration of specific exclusions from the operation of a statute is indicative of an intent that the statute should apply to all cases not specifically excluded, we examine the clear language of the Guidelines. We find no exception to the application of the enhancement provisions of Chapter Four of the Guidelines to the base offense level as-signed to the offense of unlawful escape from custody. We therefore are constrained to presume that the Sentencing Commission contemplated that under Guidelines sections 4A1.1(d) and (e), points would be added to an individual defendant's base offense level for a conviction pursuant to 18 U.S.C. § 751(a).[1] Accordingly, we reject Vickers' contentions to the contrary.

■ Vickers alternatively argues that even if enhancement was proper under sections 4A1.1(d) and (e), the district court erred in imposing the instant sentence consecutive to the sentence Vickers was already serving pursuant to Guideline section 5G1.3. Section 5G1.3 provides that

> [i]f at the time of sentencing, the defendant is already serving one or more unexpired sentences, then the sentences for the instant offense(s) shall run consecutively to such unexpired sentences, unless one or more of the instant offense(s) arose out of the same transactions or occurrences as the unexpired sentences. In the latter case, such instant sentences and the unexpired sentences shall run concurrently, except to the extent otherwise required by law.

Vickers offers no authority in support of the above argument, but instead asserts that because escape, by definition, must occur while the offender is serving an unexpired term, that the offense of escape necessarily arises out of the same transaction and occurrence as the unexpired sentence. We reject Vickers contentions and conclude that the offense of unlawful escape from custody was an offense separate and distinct from Vickers' earlier offense of possession of a stolen treasury check. Therefore, the district court's imposition of the instant sentence consecutive to the sen-

---

1. We also find the following reasoning of the Third Circuit to be persuasive:

While it is true that only a person in custody may escape, obviously persons in custody can commit crimes which can be committed by other persons as well. For example an inmate or a visitor can assault a prison guard. If such an assault is committed by an inmate, it could not reasonably be urged that the sentence he was serving at that time be excluded in the computation of his criminal history category, as the defendant's status as an inmate would not be an element of the offense and thus could not have been reflected in the applicable guidelines § 2A2.2

*Ofchinick,* 877 F.2d 251 at 256 (citation omitted).

tence Vickers was already serving was not error.

Because we have determined that the district court's refusal to depart from the guidelines as urged by Vickers was not unlawful, we affirm the sentence as imposed by the district court. *See United States v. Buenrostro*, 868 F.2d 135, 139 (5th Cir.1989).

## III. CONCLUSION

The district court did not err by enhancing Vickers base offense level pursuant to Guidelines sections 4A1.1(d) and (e). Further, the district court's imposition of the instant sentence consecutive to the sentence Vickers was already serving was not improper. The judgment of the district court is affirmed.

AFFIRMED.