**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Thomas Joseph JIMENEZ,
Defendant–Appellant.**

**No. 89–2142.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 10, 1990.

Decided March 12, 1990.

Mark D. Stuaan, Asst. U.S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Jessie A. Cook, Trueblood, Harmon, Carter & Cook, Terre Haute, Ind., for defendant-appellant.

Before WOOD, Jr., CUDAHY and EASTERBROOK, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

The facts relevant to this case are simple. The defendant, Thomas Jimenez, was serving a five-year sentence for possession with intent to distribute cocaine. On June 4, 1988, Jimenez was incarcerated at the federal prison camp in Terre Haute, Indiana, when he walked off the grounds without permission. United States marshals arrested Jimenez less than twenty-four hours later.

An indictment charged Jimenez with one count of escape, to which he pleaded guilty. The district court then proceeded to calculate the defendant's sentence under the Sentencing Guidelines. The district court determined thirteen to be the base offense level for the crime of escape. Guidelines § 2P1.1(a). Because Jimenez cooperated with the marshals at the time of his recapture, the district court reduced his offense level by two points for acceptance of responsibility. Guidelines § 3E1.1. Thus, Jimenez's adjusted offense level was eleven.

The district court next turned to assessing Jimenez's criminal history category. The court gave him three criminal history points on his conviction for possession of cocaine with intent to distribute, Guidelines § 4A1.1(a), plus one criminal history point for each of two prior juvenile convictions, Guidelines § 4A1.1(c). Over Jimenez's objections, the district court increased his criminal history category by two points for committing the crime of escape while under a sentence of imprisonment, Guidelines § 4A1.1(d), and by one point for committing the crime of escape less than two years after release from imprisonment, Guidelines § 4A1.1(e). The total of eight criminal history points placed Jimenez in criminal history category IV. The district court, however, determined the Guidelines overstated the seriousness of the defendant's criminal past. Thus, pursuant to Guidelines § 4A1.3, the district court reduced Jimenez to criminal history category III. Cross-referencing criminal history cat-

egory III with an adjusted offense level of eleven yields a sentence of twelve to eighteen months. Accordingly, the district court gave the defendant a sentence of fifteen months. The court ordered the defendant's sentence to run consecutively to the one he was already serving when he escaped from the prison camp.

On appeal, Jimenez quarrels only with the district court's addition of three criminal history points. These were the points added for escaping while under a sentence of imprisonment and for escaping less than two years after release from imprisonment. Guidelines § 4A1.1(d)–(e).[1] Jimenez contends that the elements for the crime of escape already encompass these three criminal history points. Thus, Jimenez argues that these three points will necessarily be added to the sentence of any defendant who is convicted of the crime of escape. Jimenez asserts that the Guidelines do not contemplate this kind of double counting, and, if they do, such a procedure violates Jimenez's due process rights.

Five circuits have already rejected Jimenez's contentions, and we join them today. *See United States v. Carroll*, 893 F.2d 1502 (6th Cir.1990); *United States v. Wright*, 891 F.2d 209 (9th Cir.1989); *United States v. Vickers*, 891 F.2d 86, 87–88 (5th Cir.1989); *United States v. Medeiros*, 884 F.2d 75, 79–80 (3d Cir.1989); *United States v. Goldbaum*, 879 F.2d 811 (10th Cir.1989); *United States v. Ofchinick*, 877 F.2d 251, 255–56 (3d Cir.1989); *see also United States v. Brown*, 729 F.Supp. 1120 (E.D.Va.1989) (available at 1989 U.S. Dist. LEXIS 15828) (reaching the same conclusion). *But see United States v. Bell*, 716 F.Supp. 1207, 1209–12 (D.Minn.1989); *United States v. Clark*, 711 F.Supp. 736, 737 (S.D.N.Y.1989). We generally agree

with the principles outlined by the other circuit courts.

We will interpret the Guidelines as if they were a statute or court rule. *Goldbaum*, 879 F.2d at 813; *see United States v. Jordan*, 890 F.2d 968, 972 (7th Cir.1989) (district court's application of Guidelines a question of "statutory construction"). The plain language of subsections 4A1.1(d) and (e) clearly requires the addition of three criminal history points to defendants convicted of escaping from jail. *Vickers*, 891 F.2d at 88. No exceptions are listed, and where the Guidelines except an element of the crime from enhancing a sentence, their intent is expressly stated. *See, e.g.,* Guidelines § 3A1.1 application note 2 (no victim-related enhancements of sentence where it is already considered in the base offense level); § 3B1.3 & application note 1 (enhancement of sentence for abuse of trust not applicable to embezzlement); § 3C1.1 application note 4 (enhancement of sentence for wilfully obstructing administration of justice not applicable to crimes of contempt, obstruction of justice, perjury, bribery of witnesses, or payment to a witness). Where a statute lists exceptions to its general application, other exceptions not explicitly mentioned are excluded. *E.g., Goldbaum*, 879 F.2d at 813 (applying principle to identical Guidelines case). Thus, the Guidelines facially provide for the application of subsections 4A1.1(d) and (e) to escaping convicts.

While we acknowledge that the factors under Guidelines § 4A1.1(d)–(e) are subsumed within the elements of escape from the escaped prisoner's point of view, it would not be irrational for the Guidelines to establish one base offense level for the crime of escape and then enhance that sentence if committed by a person who is incarcerated. It is incorrect to say that the

---

1. At the time of Jimenez's sentencing, Guideline § 4A1.1(d)–(e) read:

    (d) Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

    (e) Add 2 points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence

counted under (a) or (b). If 2 points are added for item (d), add only 1 point for this item.

In escape cases, subsection (e) has the odd effect of adding an additional point for the same aggravating circumstances covered by subsection (d). While the Guidelines could have been more artfully drafted in this regard, the Sentencing Commission's intent is clear.

crime of escape is "not made worse by being committed while in custody. It is made possible." *Goldbaum*, 879 F.2d at 813 (argument of *Goldbaum* defendant and Jimenez). For example, a person does not have to be in custody to aid and abet the crime of escape. The Guidelines make the rational choice of punishing the escaped prisoner more severely than an outside person who helps in the escape. *Id.* at 814; *Ofchinick*, 877 F.2d at 256. Also, because subsections (d) and (e) apply only to persons who are or were under a sentence of imprisonment, they distinguish the escaped penitentiary prisoner from the person who escapes police custody after a lawful arrest. *Wright*, 891 F.2d at 211; *Goldbaum*, 879 F.2d at 814.

Finally, we note the Sentencing Commission has amended subsection 4A1.1(e) and its application note 5 to state expressly that it applies to the crime of escape. *See Ofchinick*, 877 F.2d at 257 n. 9. In a publication entitled "Questions Most Frequently Asked About the Sentencing Guidelines," the Sentencing Commission also stated its belief that a defendant convicted of escape receives three criminal history points under subsections (d) and (e). *See Carroll*, 893 F.2d at 1509; *Wright*, 891 F.2d at 211–12. While not dispositive or even crucial to this case, these statements provide further evidence of the Sentencing Commission's intent.

We conclude that the district court correctly applied Guidelines § 4A1.1(d)–(e) to Jimenez's escape conviction. The application of these two subsections to crimes of escape is hardly irrational, and no due process rights of the defendant have thereby been violated. Accordingly, the defendant's sentence is

AFFIRMED.