**UNITED STATES of America, Appellee,**

v.

**Katherine Lynn DUGAN, Appellant.**

**Nos. 89–5113MN, 89–5114MN.**

United States Court of Appeals, Eighth Circuit.

Submitted May 31, 1990.

Decided Aug. 20, 1990.

Daniel M. Scott, Minneapolis, Minn., for appellant.

James Lackner, Minneapolis, Minn., for appellee.

Before ARNOLD and BEAM, Circuit Judges, and HENLEY, Senior Circuit Judge.

ARNOLD, Circuit Judge.

These appeals come from two sentences imposed on Katherine Lynn Dugan by the District Court.[1] Both sentences came after pleas of guilty. In No. 89–5113, defendant pleaded guilty to aiding and assisting her husband, Eddie Dugan, in escaping from federal custody, a violation of 18 U.S.C. § 752(a). The District Court imposed sentence under the Sentencing Reform Act of 20 months, to be followed by a term of two years on supervised release. A special assessment of $50.00 was also made part of the sentence under 18 U.S.C. § 3013. 704 F.Supp. 175. In No. 89–5114, the defendant pleaded guilty to one count of unlawful possession of mail, in violation of 18 U.S.C. § 1708. On this offense, which was committed before the effective date of the Sentencing Reform Act, the imposition of sentence was suspended, and the defendant was placed on probation for a period of three years consecutive to the prison term on the escape charge. Again, a $50.00 special assessment was imposed.

In No. 89–5114, the case involving possession of stolen mail, the only question raised on appeal is the constitutionality of the special-assessment statute, 18 U.S.C. § 3013. Defendant argues that this stat-

ute originated as a Senate bill and therefore, as a bill to raise revenue, is unconstitutional under the Origination Clause, U.S. Const. Art. I, § 7, cl. 1. The same argument is made in No. 89–5113. After hearing oral argument in this case on September 11, 1989, we entered an order holding both appeals in abeyance. pending a decision by the Supreme Court of the United States in *United States v. Munoz–Flores*, 863 F.2d 654 (9th Cir.1988), in which certiorari had been granted. *Munoz–Flores* has now come down. —— U.S. ——, 110 S.Ct. 1964, 109 L.Ed.2d 384 (1990). It holds that the special-assessment statute is not a revenue-raising measure within the meaning of the Origination Clause, and is therefore valid. We are bound by this holding, and we therefore must reject defendant's attack on the validity of 18 U.S.C. § 3013.

In No. 89–5113, the case involving the escape of Eddie Dugan, defendant challenges the Guidelines sentence that she was given under the Sentencing Reform Act. The District Court found that the total offense level was 21, which, considering Mrs. Dugan's criminal-history category of I, would yield a Guideline range of 37 to 46 months. The Court then exercised its discretion to. depart downward and imposed the 20–month sentence mentioned above. (The government does not appeal from this downward departure.)

Defendant claims that three errors were committed by the District Court in reaching the Guideline range of 37 to 46 months: that she should have been given a four-point reduction for being a minimal participant, see U.S.S.G. § 3B1.2(a); that she should have been given a two-point reduction for acceptance of responsibility, see U.S.S.G. § 3E1.1; and that she was erroneously given a three-point enhancement because the crime involved an official victim, see U.S.S.G. § 3A1.2.

We find it unnecessary to explore in detail all of these arguments. The government contends that, in the special circum-

1. The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

stances of this case, the defendant cannot prevail unless she wins all three of the points urged. We agree. Even if defendant should win the two legal arguments involving the greatest number of points (minimal participant, a four-point reduction, and official victim, a three-point increase), her total offense level would still be 14, and the District Court's sentence of 20 months would be within the Guideline range and hence not reviewable on appeal. Therefore, if the District Court correctly held that defendant was not entitled to a two-point reduction for acceptance of responsibility, the sentence of 20 months must be affirmed.

■ We have no difficulty in upholding the District Court's action on this point. Defendant did plead guilty and apparently showed some remorse. She also claimed that what she did was due to the domination of her husband. The District Court was not impressed by this argument, and we cannot say that it committed any error of law. As the District Court pointed out, defendant's decision to plead guilty was itself the product of her husband's wishes, so she does not seem entitled to any particular moral credit on this account. The mere fact that a defendant has pleaded guilty is not, of itself, sufficient to require a district court to give her credit for acceptance of responsibility, and defendant in this case did not show any of the particular indicia of acceptance listed in § 3E1.1. We hold that the District Court did not make any clearly erroneous finding of fact, nor did it commit any error of law, in denying to defendant a two-point reduction for acceptance of responsibility.

An additional observation may be in order. Defendant's most appealing legal argument is that she should not have received a three-point enhancement because the victim of the crime was an official. Escape, she says, is an offense against the United States, not against any individual. In addition, if an individual can be said to be a victim of the crime of escape, that individual will always, or almost always, be an official, a guard or other correctional employee, as was the case here. Defen-

dant was given a five-point enhancement for force or the threat of force during the course of the offense: a co-conspirator brandished a gun in the face of an officer in order to effect Eddie Dugan's escape. This five-point enhancement, which defendant does not now contest on appeal, she says, adequately reflects the seriousness of the offense. To add another three points because the victim—the officer in whose face the gun was brandished—was an official is double counting, the argument runs.

We deem it unnecessary, as a practical matter, to pursue this analysis in detail. The District Court itself, sensible that there might be some double counting here, gave that very reason as justification for its downward departure:

Defendant's sentence is a downward departure from the guidelines. The Court determines the departure to be appropriate because the addition of increased points for both threat of force and existence of an official victim works an undue increase in the total offense level as suggested in this Court's order of February 7, 1989. While each increase is justified given defendant's role in the offense, their combination over-compensates in a fashion which the Court finds was not within the contemplation of those who drafted the sentencing guidelines scheme.

*United States v. Katherine Lynn Dugan,* Criminal No. 4–88–51(2) (D.Minn. March 13, 1989).

We commend the District Court for the care and clarity with which it set forth its reasoning. We believe this reasoning amply demonstrates that no purpose would be served by a remand for resentencing, even if we were to agree with defendant that the official-victim enhancement was unlawful. The arguable double counting which is at the root of defendant's argument on this point has already been taken into account by the District Court. We sit to review judgments, not opinions, and if, as a practical matter, it is apparent from the record that the sentence imposed was a bottom-line decision, so to speak, giving the defendant in fact the same benefit she would

have received had her legal arguments been accepted, no purpose is served by an appellate opinion extensively exploring the potential for overlap between the portions of the Guidelines involved in this case.

Accordingly, for the reasons given, the judgments of conviction and the sentences in both cases are

Affirmed.