972 F.2d 349
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ricky Allen HAYS, Defendant-Appellant.
 No. 91-5027.
 United States Court of Appeals, Sixth Circuit.
 July 29, 1992.
 
 Before RYAN, BOGGS and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-Appellant, Ricky Allen Hays, appeals his 327-month sentence, which was imposed on remand following an earlier appeal of his conviction and sentence for drug trafficking charges. We affirm.
 
 I.
 
 2
 Following an undercover drug investigation, Hays was arrested and indicted, in a two-count indictment, for conspiracy to possess cocaine and marijuana with intent to distribute (Count I), 21 U.S.C. § 846, and possession of marijuana with intent to distribute (Count II), 21 U.S.C. § 841(a)(1). On November 8, 1988, a jury found Hays guilty on both counts. At Hays's sentencing hearing on December 29, 1988, the district court decided to depart downward from the United States Sentencing Guidelines ("guidelines") range of 360 months to life imprisonment, based on the relatively small quantities of drugs involved and the absence of violence. The court then sentenced Hays to 240 months' imprisonment on Count I and 120 months' imprisonment, to be served concurrently, on Count II. Hays appealed his convictions, and the government appealed the sentence.
 
 
 3
 On appeal, this court affirmed the convictions but, finding the stated grounds for downward departure inadequate, reversed and remanded for resentencing. United States v. Hays, 899 F.2d 515 (6th Cir.), cert. denied, 111 S.Ct. 385 (1990). Following the denial of Hays's petition for a writ of certiorari to the Supreme Court, Hays was resentenced by the district court at the top end of the applicable guidelines range to 327 months' imprisonment.[1] Hays appeals this sentence on a number of grounds.[2] These grounds all lack merit, and therefore we affirm.
 
 II.
 
 4
 Hays raises five issues on appeal: first, whether the district court, in violation of Fed.R.Crim.P. 32 and U.S.S.G. § 6A1.3, failed to make the required factual determinations and to resolve disputed issues at the sentencing hearing; second, whether the general jury verdict was too ambiguous to enable the court properly to impose sentence; third, whether the court erred in not granting Hays a two-level reduction in his offense level for acceptance of responsibility; fourth, whether the court sentenced Hays to the top end of the guidelines range in the erroneous belief that it had been directed by this court to do so; and, fifth, whether the court also erroneously believed that it lacked discretion to depart downward from the guidelines and thus failed to consider mitigating circumstances that could have served as the basis for departure. We address these issues in turn.
 
 
 5
 Hays initially contends that the district court failed to determine whether Hays and his counsel had read the Supplemental Addendum to the Presentence Report ("Supplemental Addendum"), which was prepared by the probation office prior to the resentencing hearing. Fed.R.Crim.P. 32(a) requires the court, before imposing sentence, to determine that the defendant has had an opportunity to read and discuss the presentence investigation report ("PSR") with his counsel. The transcript from Hays's first sentencing hearing, on December 29, 1988, indicates that the court was cognizant of the fact that Hays and counsel representing him at the first hearing had read both the PSR and an addendum to that PSR.
 
 
 6
 Prior to the December 12, 1990, resentencing hearing, on November 19, 1990, counsel for Hays filed a Sentencing Memorandum. In response, the probation officer prepared the Supplemental Addendum and mailed a copy of it to Hays's counsel a week prior to the resentencing hearing. Hays's counsel does not allege that she failed to receive a copy of the Supplemental Addendum. Furthermore, this Supplemental Addendum addressed only issues that Hays's counsel had raised in the Sentencing Memorandum, thus precluding any element of surprise to Hays. Finally, the court gave Hays's counsel the opportunity during the resentencing hearing to raise any additional issues, including issues pertaining to the Supplemental Addendum, that Hays wished to address.[3] For these reasons, we find that the requirements of Section 6A1.3 and Rule 32 were met.
 
 
 7
 Hays also contends that the district court failed to make findings concerning the appropriateness of downward departure under Sections 5K2.0 or 4A1.3 of the guidelines.[4] Hays argues that the district court failed to make a finding on whether his remorse and his efforts at rehabilitation while incarcerated justified a departure because they were a mitigating circumstance not adequately considered by the Sentencing Commission. However, the court found that Hays's post-incarceration conduct did not merit a two-level reduction, under Section 3E1.1, for acceptance of responsibility. Remorse was a factor considered by the Commission and factored into the acceptance of responsibility reduction. See, e.g., Application Notes 1(c) and 2 to Section 3E1.1. Therefore, remorse could only be the basis for a Section 5K2.0 departure if it were present to a degree not adequately considered by the Commission. However, the fact that remorse, and the concomitant efforts by Hays to rehabilitate himself, were found not present to a degree that merited an offense level reduction within the guidelines necessarily is also a finding that they were not present to a degree that merited a Section 5K2.0 departure. Thus, this argument also fails.
 
 
 8
 Hays's contention that the district court failed to make a finding on the propriety of a departure under Section 4A1.3 is simply incorrect. During the resentencing hearing, the court stated: "I believe that the defendant is clearly within the career offender provision." The court found that Hays clearly met the career offender provisions of Section 4B1.1, and so departure under Section 4A1.3, on the basis that Hays's criminal history was significantly over-represented or further crimes were unlikely, was unwarranted.[5]
 
 
 9
 Finally, with respect to the fact-finding issues, Hays alleges that the district court failed to make adequate findings of fact regarding the drugs involved in Hays's offenses. Hays initially contends that, instead of making a finding as to the quantity of cocaine, the court merely adopted the conclusion of Detective Epperson, who testified at the resentencing hearing, that four pounds of cocaine were involved. However, before making its finding, the court heard extensive testimony from Detective Epperson concerning how he had calculated the quantity of cocaine. Prior to finding that the quantity of marijuana involved was 250 pounds, the court also heard testimony establishing that this represented a conservative determination of the quantity of marijuana involved in the conspiracy.[6] The court's factual findings regarding quantities of drugs are not clearly erroneous. Thus, this argument also lacks merit. In sum, the district court's factual findings are sufficient to comport with the requirements of both Fed.R.Crim.P. 32 and U.S.S.G. § 6A1.3.
 
 
 10
 Hays's next argument is that, because he was charged in Count I of the indictment with conspiracy to possess with intent to distribute both cocaine and marijuana, but the jury returned only a general verdict, the district court could not know whether the jury had found Hays guilty of a cocaine conspiracy, a marijuana conspiracy, or both. Additionally, alleges Hays, the quantity of marijuana that the jury found to be the object of the conspiracy arguably could have been either the six to seven pounds found at Hays's apartment[7] or a reduced quantity based on a finding that " 1/4" represents a quarter ounce, and not a quarter pound. This ambiguity, contends Hays, renders the sentence fatally defective.
 
 
 11
 Hays concedes that the ambiguity argument was raised for the first time on resentencing but argues that the failure to use a special verdict form constitutes plain error, thus allowing appellate review. Newman v. United States, 817 F.2d 635, 637 n. 3 (10th Cir.1987). Plain error exists only where denial of review would result in a manifest miscarriage of justice. United States v. Cox, 957 F.2d 264, 265 (6th Cir.1992); Finch v. Monumental Life Ins. Co., 820 F.2d 1426, 1432 (6th Cir.1987). This court repeatedly has held that the quantity of drugs is not part of the offense within the meaning of 21 U.S.C. § 841. See, e.g., United States v. Hodges, 935 F.2d 766, 769 (6th Cir.), cert. denied, 112 S.Ct. 251, and cert. denied, 112 S.Ct. 317 (1991); United States v. Sanchez, 928 F.2d 1450, 1457 (6th Cir.1991); United States v. Nelson, 922 F.2d 311, 315 (6th Cir.1990), cert. denied, 111 S.Ct. 1635 (1991); United States v. Moreno, 899 F.2d 465, 473 (6th Cir.1990). Therefore, it is the court's prerogative, and not the jury's, to determine drug quantities. Moreno, 899 F.2d at 473. It follows that the failure to use a special verdict form to enable the jury to indicate drug quantities could not be error and could not result in a manifest miscarriage of justice.[8] This argument, therefore, lacks merit.
 
 
 12
 Hays next contends that the district court erred by not granting him a two-level reduction in offense level for acceptance of responsibility.[9] "Whether or not a defendant has accepted responsibility for his crime is a factual question" subject to the clearly erroneous standard of review. United States v. Luster, 889 F.2d 1523, 1525 (6th Cir.1989) (quoting United States v. Wilson, 878 F.2d 921, 923 (6th Cir.1989)). This standard "will nearly always sustain the judgment of the district court in this area." Id. at 1526 (quoting Wilson, 878 F.2d at 923).
 
 
 13
 At the first sentencing hearing, the court found not credible Hays's alleged remorse for his crimes. The court also found that, his denial notwithstanding, Hays had secreted money from his drug transactions. At the resentencing hearing, although the court acknowledged that Hays's post-incarceration activities were commendable, the court denied the acceptance of responsibility reduction and stated as its reasons that "I do not believe [Hays's post-incarceration activities] rise to the level of justifying a two level reduction for acceptance of responsibility" and that "[t]he defendant maintained until the jury came back that these were not his drugs." Application Note 2 to Section 3E1.1 makes clear that, where a defendant denies the "essential factual elements of guilt" and forces the government to its burden of proof, as Hays did here by denying ownership of the drugs, the two-level reduction should not apply.[10] Id. The court's denial of the reduction was not clearly erroneous and, therefore, will be upheld.
 
 
 14
 Hays next alleges that the district court sentenced him at the top end of the guidelines range without adequately stating the reasons for doing so and in the erroneous belief that it had been so directed by this court. This sentence may only be reviewed by this court if it
 
 
 15
 * * *
 
 
 16
 (1) was imposed in violation of law;
 
 
 17
 (2) was imposed as a result of an incorrect application of the sentencing guidelines; or
 
 
 18
 (3) is greater than the sentence specified in the applicable guideline range ...; or
 
 
 19
 (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.
 
 
 20
 18 U.S.C. § 3742(a). See also United States v. Reed, 914 F.2d 1288, 1290 (9th Cir.1990). None of the grounds set forth in Section 3742(a) is applicable here, and so the district court's decision to sentence at the top end of the guideline range is not reviewable by this court. United States v. Garcia, 919 F.2d 1478, 1480-81 (10th Cir.1990); Reed, 914 F.2d at 1290; United States v. Braslawsky, 913 F.2d 466, 467 (7th Cir.1990); United States v. Dugan, 912 F.2d 942, 944 (8th Cir.1990).[11]
 
 
 21
 Hays's final argument is that the district court erroneously believed it lacked the discretion to depart downward from the guidelines and, therefore, this case must be remanded for resentencing. Hays apparently contends that, because the district court believed it could not depart, it failed to consider--this time under Section 4A1.3 rather than Section 5K2.0--the relatively small quantity of drugs and the lack of violence that formed the basis for the court's downward departure at the original sentencing hearing.[12] However, the fact that the court found Hays clearly to be a career offender indicates that, at least implicitly, it rejected any departure based on a belief that Hays's career offender status was unwarranted. Additionally, given Hays's history of drug convictions, we find it apparent that Section 4A1.3 departure was not warranted in Hays's case.
 
 
 22
 There simply is no probative evidence that the district court believed it lacked discretion to depart from the guidelines. Therefore, the decision not to depart is unreviewable. United States v. Pickett, 941 F.2d 411, 417-18 (6th Cir.1991); United States v. Draper, 888 F.2d 1100, 1105 (6th Cir.1989).
 
 III.
 
 23
 The decision of the district court is affirmed.
 
 
 
 [1]
 The district court determined that the government had failed to comply with the notice of enhancement provisions of 21 U.S.C. § 851. Therefore, the offense level was calculated to be 34, rather than 37, and the guidelines range 262 to 327 months
 
 
 [2]
 Hays's notice of appeal was not filed within the 10-day period required by Fed.R.App.P. 4(b). However, because the notice of appeal was delivered to prison authorities within the time period for filing, this court, in an Order filed July 19, 1991, concluded that it had jurisdiction over Hays's appeal
 
 
 [3]
 Prior to imposing sentence, the court asked Hays's counsel: "[D]o you have anything to say before the court pronounces sentence?" In response, Hays's counsel stated: "Your Honor, if you would just carefully consider the arguments we raised in the [sentencing] memorandum, [and] the letter Mr. Hays sent to you on his behalf.... Take those into consideration."
 
 
 [4]
 Hays makes repeated references in his Brief to the district court's supposed obligation to "initiate" a "fact finding process." Neither Rule 32(a) nor Section 6A1.3 imposes this obligation on the court, nor does Hays cite any other authority for this proposition
 
 
 [5]
 Hays also alleges that the district court failed to make a finding regarding whether the small quantity of drugs involved or the absence of violence could be the basis for a Section 4A1.3 departure. However, as we explained in our earlier opinion, neither of these factors was applicable to Hays's situation, because they were rejected by the Sentencing Commission as not relevant to career offenders
 In addition, the probation officer noted in the Supplemental Addendum that even if Hays had not been a career offender, he would have qualified for Criminal History Category VI.
 
 
 [6]
 Detective Epperson testified that, based on his experience, the notation " 1/4," which appeared repeatedly in Hays's drug records, represented a quarter pound of marijuana. Hays contends that the " 1/4" notation could refer to a quarter ounce of marijuana and that the total quantity should be based on this construction. However, Detective Epperson also testified that he had never, in his fifteen years of experience, heard of marijuana being sold by the quarter ounce. In finding that the total quantity of marijuana involved was 250 pounds, the court chose to credit Detective Epperson's testimony. This finding is not clearly erroneous
 
 
 [7]
 This marijuana was the basis for Count II of the indictment
 
 
 [8]
 In United States v. Todd, 920 F.2d 399, 407 (6th Cir.1990), this court indicated that a special verdict form would be proper where, as is the case here, there were two separate objects (e.g., cocaine and marijuana) of the conspiracy. Although the court determines drug quantity under 21 U.S.C. § 841, the jury determines which drugs, if any, are the objects of the conspiracy. Where the indictment alleges a conspiracy involving both cocaine and marijuana and, after a guilty verdict is returned, the court makes factual findings as to quantities that would result in different penalties depending on which drug the jury found to be the object of the conspiracy, absent a special verdict form, the court would not know which penalty to impose. See, e.g., United States v. Orozco-Prada, 732 F.2d 1076, 1083 (2d Cir.), cert. denied, 469 U.S. 845 (1984)
 In the present case, however, that problem does not exist. The district court found that four pounds of cocaine and 250 pounds of marijuana were involved. Under 21 U.S.C. Section 841(b)(1)(B), an offense involving either one of these amounts carries a statutory maximum of 40 years' imprisonment. Under Section 4B1.1 of the guidelines, either one of these quantities separately translates to an offense level of 34 and a guidelines range, in Hays's case, of 262-327 months. Therefore, regardless which drug (or drugs) the jury found Hays guilty of conspiring to possess with intent to distribute, the applicable guidelines range would be the same.
 Hays also argues that, because the indictment did not specify quantities of drugs, under the then-existing Section 841(b)(1)(C), the statutory offense maximum should have been 20 years, the offense level 32, and the guidelines range 210-262 months. This argument fails for the same reason, namely, the determination of quantities of drugs is for the court, and not the jury. The jury returned a verdict of guilty on both counts. It then fell to the court to determine the quantities of drugs involved. The court determined that four pounds of cocaine and 250 pounds of marijuana were involved and then correctly calculated the guidelines range based on these amounts.
 
 
 [9]
 At the time of the first sentencing hearing, the acceptance of responsibility reduction was unavailable for career offenders. Prior to resentencing, however, the guidelines were amended to make this reduction available for career offenders under the appropriate circumstances
 
 
 [10]
 Hays contends that, by denying the reduction because he chose to go to trial, the court penalized him for exercising his constitutional right to a jury trial. Application Note 2 to Section 3E1.1 indicates that a defendant who goes to trial on an issue unrelated to factual guilt may still qualify for the reduction. Such is not the case here, because Hays denied a factual element of guilt, namely, ownership of the drugs. Moreover, this court has held that Section 3E1.1, on its face, does not unconstitutionally abridge a defendant's right to a jury trial. See United States v. Cordell, 924 F.2d 614, 619 (6th Cir.1991)
 Hays cites several cases that allegedly support his position on the acceptance of responsibility issue. United States v. Crumb, 902 F.2d 1337, 1340 (8th Cir.1990); United States v. Luster, 889 F.2d 1523, 1526 (6th Cir.1989); United States v. Toles, 867 F.2d 222, 223 (5th Cir.1989). However, in each of these cases, the district court's determination regarding the acceptance of responsibility reduction was affirmed on appeal. In Luster, this court affirmed the denial of a reduction for acceptance of responsibility, despite the fact that the defendant pled guilty, made affirmative statements of guilt at his bond hearing, and cooperated in the preparation of his presentence report. Id. at 1526.
 
 
 [11]
 Even if we had jurisdiction to review the appeal of this issue, and we emphasize that we do not, we would find that the district court did not consider itself without discretion to sentence anywhere but at the top end of the guidelines. The district court stated that its decision was based on the guidance of this court, its own "re-evaluation of the case," and the statutory factors of incapacitation, punishment, and general deterrence
 
 
 [12]
 To the extent Hays suggests that the district court, at resentencing, retained any discretion to predicate a 5K2.0 departure on the quantity of drugs or the absence of violence, this suggestion is absolutely untenable. Our earlier opinion made it abundantly clear that both the quantity of drugs and the absence of violence are factors that the Sentencing Commission adequately considered and ruled out as mitigating circumstances in this context. Hays, 899 F.2d at 519-20