51 F.3d 276
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry BYRD, Defendant-Appellant.
 No. 94-3153.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 1, 1995.
Decided March 28, 1995.
 
 Before CUMMINGS, EASTERBROOK and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Appellant Larry Byrd pled guilty to one count of distributing a mixture or substance containing cocaine base (crack). 21 U.S.C. Sec. 841(a)(1). Byrd appeals his sentence, which he claims was improperly enhanced by a two-point increase to his criminal history category pursuant to United States Sentencing Guidelines Sec. 4A1.1(d), because his current offense was committed while Byrd was on probation for a juvenile offense. We affirm.
 
 I. BACKGROUND
 
 2
 On June 30, 1992 and July 14, 1992, Byrd sold crack cocaine to an undercover police officer. As a consequence of the June 30, 1992 sale, a federal grand jury returned a one count indictment charging Byrd with the distribution of a mixture or substance containing cocaine base, a violation of 21 U.S.C. Sec. 841(a)(1). Byrd was arrested on November 11, 1993 and pled guilty on June 8, 1994. The United States Probation Office concluded the proper offense level was 19, the criminal history category was III, and the guideline range 37-46 months. On September 7, 1994, Judge Mills sentenced Byrd to 41 months, ordered that he pay $300 restitution, and set a period of five years supervised release.
 
 
 3
 The calculation of criminal history included a two point increase pursuant to Sec. 4A1.1(d) because the offense occurred while Byrd was on probation for a juvenile offense.[1] The juvenile offense was a conviction for involuntary manslaughter entered by the Sangamon County Circuit Court on January 4, 1990. Byrd was adjudged delinquent and sentenced on April 12, 1990 to five years probation and one hundred hours community service. On November 23, 1992, a petition to revoke probation was filed, and probation was ultimately concluded on February 24, 1993.[2]
 
 
 4
 Byrd unsuccessfully argued at sentencing that the juvenile conviction itself should not be counted in calculating his criminal history[3] and that Sec. 4A1.1(d) does not apply to juvenile convictions.
 
 II. DISCUSSION
 
 5
 On appeal Byrd argues only that Sec. 4A1.1(d) does not apply to juvenile convictions. Byrd cites no authority and primarily relies on the fact that Sec. 4A1.1 makes no specific reference to juvenile offenses, in contrast to Sec. 4A1.2 which does. Byrd maintains that Sec. 4A1.1 and Sec. 4A1.2 must be analyzed separately. The government, while correctly noting there is very little authority on the issue, argues a plain reading of the guidelines makes it clear that Sec. 4A1.1(d) does apply to juvenile convictions.
 
 Section 4A1.1(d) provides:
 
 6
 Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.
 
 
 7
 Byrd was clearly on probation for the involuntary manslaughter conviction when he made the sale to the undercover police officer. Thus, a two point increase in Byrd's criminal history calculation was warranted, unless juvenile sentences of probation are not "criminal justice sentences" for purposes of Sec. 4A1.1(d).
 
 
 8
 A "criminal justice sentence" is defined in application note 4 to Sec. 4A1.1:
 
 
 9
 Two points are added if the defendant committed any part of the instant offense (i.e., any relevant conduct) while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Failure to report for service of a sentence of imprisonment is to be treated as an escape from such sentence. See Sec. 4A1.2(n). For the purposes of this item, a "criminal justice sentence" means a sentence countable under Sec. 4A1.2 (Definitions and Instructions for Computing Criminal History) having a custodial or supervisory component, although active supervision is not required for this item to apply. For example, a term of unsupervised probation would be included; but a sentence to pay a fine, by itself, would not be included. A defendant who commits the instant offense while a violation warrant from a prior sentence is outstanding (e.g., a probation, parole, or supervised release violation warrant) shall be deemed to be under a criminal justice sentence for the purposes of this provision if that sentence is otherwise countable, even if that sentence would have expired absent such warrant. See Sec. 4A1.2(m). (Emphasis added.)
 
 
 10
 Thus, contrary to Byrd's argument, Sec. 4A1.1 and Sec. 4A1.2 are not evaluated separately, a fact which is further emphasized in the commentary to Sec. 4A1.1:
 
 
 11
 The total criminal history points from Sec. 4A1.1 determine the criminal history category (I-VI) in the Sentencing Table in Chapter Five, Part A. The definitions and instructions in Sec. 4A1.2 govern the computation of the criminal history points. Therefore, Secs. 4A1.1 and 4A1.2 must be read together. The following notes highlight the interaction of Secs. 4A1.1 and 4A1.2.
 
 
 12
 This court has held that a "criminal justice sentence," as defined for purposes of Sec. 4A1.1(d), is any sentence countable under Sec. 4A1.2. United States v. Dillon, 905 F.2d 1034, 1036 (7th Cir.1990). All felony, misdemeanor, and petty offenses are counted, except those specifically excluded under Sec. 4A1.2(c). Id.[4] Further, no exceptions are listed under Sec. 4A1.1(d). United States v. Jimenez, 897 F.2d 286, 287 (7th Cir.1990).
 
 
 13
 The rules for counting a sentence for an offense committed before the age of eighteen are provided in Sec. 4A1.2(d):
 
 Offenses Committed Prior to Age Eighteen
 
 14
 (1) If the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month, add 3 points under Sec. 4A1.1(a) for each sentence.
 
 
 15
 (2) In any other case,
 
 
 16
 (A) add 2 points under Sec. 4A1.1(b) for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense;
 
 
 17
 (B) add 1 point under Sec. 4A1.1(c) for each adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offense not covered in (A).
 
 
 18
 Byrd's juvenile sentence was imposed within five years of his criminal conduct in the instant case. Probation is deemed a "criminal justice sentence" for purposes of Sec. 4A1.1(d). The juvenile sentence is properly countable pursuant to Sec. 4A1.2(d)(2)(B). Therefore, Byrd was properly subject to an increase in his criminal history score pursuant to Sec. 4A1.1(d).
 
 
 19
 Only one court has analyzed a comparable issue. The Eighth Circuit in United States v. Johnson, 962 F.2d 1308, 1314 (8th Cir.1992), cert. denied, 113 S.Ct. 358 (1992) and cert. denied, 113 S.Ct. 1418 (1993), held that a juvenile court sentence of intensive supervision was a "criminal justice sentence" for purposes of Sec. 4A1.1(d). The court noted that Sec. 4A1.1(d) is construed broadly and includes even unsupervised probation. Id. The court emphasized that juvenile sentences are properly counted as criminal justice sentences, per Sec. 4A1.2(d), unless a particular sentence is specifically excluded under Sec. 4A1.2(c). Id. See also United States v. McCutchen, 992 F.2d 22, 24 (3d Cir.1993) (stating, without elaboration, that a prior juvenile commitment and escape counted for purposes of Secs. 4A1.1(d), 4A1.1(e), and 4A1.2(d)(2)(A)).
 
 III. CONCLUSION
 
 20
 As Byrd's position runs counter to a plain reading of the guidelines and existing authority, his sentence is AFFIRMED.
 
 
 
 [1]
 In the original Presentence Report the enhancement was erroneously indicated as being based on Sec. 4A1.2(d). Judge Mills noted that this was an obvious typographical error. (Order of September 6, 1994 at 2.) Counsel was advised of the error by the United States Probation Office well before the sentencing hearing. (See Addendum to Presentence Report at # 3.)
 
 
 [2]
 Byrd had apparently failed to perform the required community service, and Byrd was given until February 24, 1993 to fulfill the requirement. When it was ascertained he did so, probation was terminated. (See Presentence Investigation Report, as revised on 8/19/94)
 
 
 [3]
 Byrd had also argued that a sentence imposed before a defendant's eighteenth birthday is only counted if it resulted in an adult conviction, citing application note 1 of Sec. 4A1.1. The district court properly noted that the cited provision only applies when the juvenile was tried as an adult, and that juvenile offenses are generally governed by Sec. 4A1.2(d). Byrd has not pursued this argument on appeal
 
 
 [4]
 Involuntary manslaughter is not listed as an exception under Sec. 4A1.2(c)